ÆTNA LIFE INSURANCE COMPANY *vs.* FRANK H. HARDISON.

TRAVELERS' INSURANCE COMPANY *vs.* SAME.

Suffolk.    March 18, 19, 1908. — May 23, 1908.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, & SHELDON, JJ.

*Insurance*, Life, Endowment, Accident, Statutory requirements as to substance and form of policy.  *Insurance Commissioner.  Statute.*

Under St. 1907, c. 576, § 75, providing that no policy of life or endowment insurance shall be issued in this Commonwealth until a copy of its form has been filed at least thirty days with the insurance commissioner, or if the insurance commissioner notifies the company in writing within thirty days that in his opinion the form does not comply with the requirements of the laws of this Commonwealth, and that no such policy, except certain policies of industrial insurance, shall be issued unless it contains in substance certain provisions specified in the statute, it is the duty of the insurance commissioner to determine whether the policy contains the substantive provisions, called for by the statutes of this Commonwealth, in such a form as to give proper effect to the contract.

If the form of a policy of life or endowment insurance submitted by an insurance company to the insurance commissioner for his approval under St. 1907, c. 576, § 75, contains in substance the ten provisions specified in that section, and also contains the other prescribed parts of a policy, the form in which they are stated may be varied, and additional provisions beneficial to the insured may be inserted, provided the requirements of the statute are satisfied and are left undiminished by what is added.

A policy of life or endowment insurance which on its first page states " This contract is issued in consideration of the application for this insurance which is made a part hereof and copied hereon," and under the head "General Conditions," and the subhead " Entire Contract," on a subsequent page states, " This instrument contains the entire contract between the parties hereto, and all the statements purporting to be made by the insured shall, in the absence of fraud, be deemed representations and not warranties, and no such statement shall be used in defense of a claim under the contract unless it be contained in the application herefor," does not satisfy the requirements of St. 1907, c. 576, § 75, cl. 3, that the policy shall contain " a provision that the policy and the application therefor shall constitute the entire contract between the parties . . . and that no . . . statement [of the insured] shall be used in defense to a claim under the policy unless it is contained in a written application, and a copy of such application shall be endorsed upon or attached to the policy when issued " ; but the words " and the application " should be added after the words " This instrument," at the beginning of the clause entitled " Entire Contract," and the words " and the application is attached hereto " should be added at the end.

A life insurance company, which, under St. 1907, c. 576, § 34, cl. e, might also transact the business of insurance against bodily injury or death by accident, and upon the health of individuals, presented to the insurance commissioner, as required to do by § 75, a form of policy, which on its first page stated that the company agreed " to pay for the surrender of the policy [a certain sum to the beneficiary] . . . upon receipt of due proof of the death of the insured," and

that the policy "is issued . . . subject to all the conditions, benefits and privileges described on the subsequent pages" thereof, which "are hereby made a part of this contract." On a subsequent page was a provision that, in case the company received proof that, "by reason of bodily injuries or disease originating after the issue of the policy, the insured has become wholly, continuously and permanently unable to perform any work" for profit, or under certain circumstances had lost both eyes or either or both hands or feet, the company would keep the policy in force for twelve months and then pay the insured one twentieth of the sum insured and make the same payment annually until the whole insured amount was paid, or would pay a specified annuity for life. The insurance commissioner disapproved of the policy. *Held*, that the commissioner's disapproval was warranted, since the form of policy presented violated the provisions of § 34 in that it contained in one policy contracts for insurance of two of the classes therein named.

A life insurance company, which, under St. 1907, c. 576, § 34, cl. e, also might transact the business of insurance against bodily injury or death by accident, and upon the health of individuals, presented to the insurance commissioner, as required to do by § 75, a form of policy, which on its first page stated that the company agreed to pay a certain amount to the beneficiary on due proof of the death of the insured, and that "this contract is subject to the privileges and conditions recited on the subsequent pages hereof." On a subsequent page under the head "Special Privileges" was a provision that in case the insured should furnish satisfactory proof that he had become "wholly disabled by bodily injuries or disease and will be permanently, continuously and wholly prevented thereby for life from pursuing any and all gainful occupation, the company" would, "by an indorsement in writing upon this contract," agree to pay the premiums on the policy so long as the disability continued, without charging them against the contract, and that certain cash loans and other values elsewhere specified in the contract should increase in the same manner as if the premiums were paid by the insured; but that the insured might at any time cancel such premiums and be entitled to a reduction of twenty-five cents for each $1,000 of insurance upon his annual premiums. The insurance commissioner disapproved of the policy. *Held*, that the commissioner's disapproval was warranted, since the form of policy presented violated the provisions of § 34 in that it contained in one policy contracts for insurance of two of the classes therein named.

TWO PETITIONS, filed in the Supreme Judicial Court for the county of Suffolk February 18, 1908, by foreign life insurance companies, seeking, under St. 1907, c. 576, § 75, a review of action of the insurance commissioner with regard to the forms of policies which the petitioners, respectively, purposed to issue in this Commonwealth.

The petitions were heard together before *Rugg*, J. It appeared that the form of policy submitted to the insurance commissioner by the Ætna Life Insurance Company stated on its first page that the company "agrees to pay for the surrender of this policy . . . the sum of . . . (herein called the sum

insured) upon receipt of due proof of the death of . . . (herein called the insured) during the continuance of this policy; or the company will pay the said sum at the end of the policy year falling nearest to [a certain age of the insured] if the insured is then living. This policy is issued and accepted subject to all the conditions, benefits and privileges described on the subsequent pages hereof, and which are hereby made a part of this contract." On a subsequent page was the following, to which the insurance commissioner objected, as stated in the opinion:

" 28.   Total and Permanent Disability.

" If proof is received by the Company that by reason of bodily injuries or disease originating after the issue of this policy the insured has become wholly, continuously and permanently unable to perform any work or follow any occupation for compensation or profit, this insurance will, if all premiums previously due have been paid, continue in full force for twelve months from the time the next premium falls due without payment of premium.   At the expiration of that time the Company will, upon the request of the life beneficiary, and assignee, if any, pay in full settlement of this policy and in lieu of all other benefits and privileges herein provided either one-twentieth of the sum insured, and will pay the same amount annually thereafter until the entire sum insured has been paid; or will pay the amount of annuity shown by [a table annexed] for the age of the insured at the last birthday preceding the approval of such proofs and the same amount annually thereafter during the lifetime of the insured, provided that at every such annuity payment satisfactory proof is furnished that the insured is then living.   In either case any indebtedness to the Company against the policy will reduce the annuity payment by the Company in the same proportion that such indebtedness bears to the sum insured.   If neither of the above instalment payments is requested, the insurance may, at the expiration of said twelve months be continued under its original conditions by the payment within the days of grace of the premium then due, or the policy will be entitled to the non-forfeiting values herein provided.   If the policy has reached the condition where by its terms it has become full-paid at the expiration of the twelve months above described, it may then

enter upon the disability benefits and privileges herein provided upon request of the life beneficiary and assignee to that effect.

" The Company will also extend the privileges and benefits for total and permanent disability above described to cover the irrecoverable loss of the entire sight of both eyes, or the total and permanent loss by removal or disease of the use of both hands, or of both feet, or of such loss of one hand and one foot, all occurring after the issue of this policy and before default in the payment of premium.

" If the insured shall recover from the total disability above described before the expiration of the said twelve months the payment of premiums hereon may be resumed with the premium falling due next after such recovery and the insurance will continue as originally issued; or if such recovery occurs and premiums are not resumed, then the policy shall be regarded as lapsing with the non-payment of the first premium due after such recovery, and entitled to the non-forfeiting values hereinbefore described, subject to the total indebtedness hereon.

" Any benefit for total and permanent disability within the meaning of this policy is conditioned upon the Company being permitted to examine the insured when desired within one year from the receipt and approval of the proof."

The form of policy submitted to the insurance commissioner by the Travelers' Insurance Company stated on its first page that the company " agrees to pay . . . dollars . . . to [the beneficiary] . . . immediately on receipt of due proofs of the death, during the continuance of this contract, of . . . the insured. . . . This contract is issued in consideration of the application for this insurance which is made a part hereof and copied hereon and of the premium. . . . This contract is subject to the privileges and conditions recited on the subsequent pages hereof." On a subsequent page under the heading " Special Privileges " was the following, to which, as stated in the opinion, the insurance commissioner objected:

" Protection to Contract if Insured is wholly Disabled.

" After one full annual payment shall have been made and before a default in the payment of any subsequent premium, if the Insured prior to attaining the age of sixty shall furnish sat-

isfactory proof that he has become wholly disabled by bodily injuries or disease and will be permanently, continuously and wholly prevented thereby for life from pursuing any and all gainful occupations, the Company, by an indorsement in writing upon this contract, will agree to pay for the Insured the premiums which shall thereafter become payable during the continuance of such disability. In any such case the premiums so paid shall not be a lien on this contract and the cash loans and the values of this contract in the schedule on the second page hereof shall increase in the same manner as if the premiums were being paid by the Insured. If, however, the Insured shall recover so as to be able to engage in any gainful occupation the Company's obligation to pay the premiums shall cease and the Insured shall resume payment of premiums in accordance with this contract from the first premium due date following such recovery.

"If the Insured shall furnish satisfactory evidence of like total and permanent disability occurring after he shall have attained the age of sixty years, the Company will, without further action on the part of the Insured, allow the subsequent premiums to accumulate, without interest, as an indebtedness on this contract. In any such case the cash loans and the values of this contract in the schedule on the second page hereof shall increase in the same manner as if the premiums were being paid by the Insured.

"On any anniversary of this contract this provision may be canceled by the Insured, in which event the subsequent annual premiums will be reduced twenty-five cents for each one thousand dollars insurance hereunder, and such reduction will be indorsed hereon."

At the end of the policy submitted by the Travelers' Insurance Company under the heading "General Conditions," and the sub-heading "Entire Contract," was the paragraph quoted in the fourth paragraph of the opinion.

The single justice reserved the cases for the consideration of the full court.

*F. H. Nash*, for the petitioners.

*D. Malone*, Attorney General, & *J. F. Curtis*, Assistant Attorney General, for the respondent.

KNOWLTON, C. J. These are petitions brought by foreign life insurance companies under the St. 1907, c. 576, § 75, for a review of the action of the insurance commissioner, in regard to the form of the policies which they propose to issue in this Commonwealth. The cases come to this court on the reservation of a single justice upon the petitions, answers and agreed statements of facts. Under this section every life insurance company must file with the insurance commissioner a copy of any form of policy that it proposes to issue, for his approval. If within thirty days he notifies the company that in his opinion the form of the policy does not comply with the requirements of the statute, specifying his reasons for his opinion, no policy can be issued in that form. His action in this particular is subject to review by the Supreme Judicial Court. The section further provides that no policy shall be " issued or delivered, unless it contains in substance the following provisions." Then follows a statement of ten provisions, of which the third is, " That the policy and the application therefor shall constitute the entire contract between the parties and that all statements made by the insured shall, in the absence of fraud, be deemed representations and not warranties and that no such statement shall be used in defense of a claim under the policy unless it is contained in a written application and a copy of such application shall be endorsed upon or attached to the policy when issued." The provision on this subject, contained in the policy, was held by the insurance commissioner to be insufficient.

A preliminary question raised by the petitioner is whether the commissioner is authorized, by the statute, to consider matters of substance that enter into the policy, or only the form of the policy in other particulars. We have no doubt that his examination of the form of a policy to see whether it conforms to the requirements of our law was intended to involve a consideration of matters of substance called for by our statutes, and not merely of such things as the size, or shape, of the paper on which the contract appears, or the kind of type used in printing it, or the order in which different parts of the contract are set forth. It is his duty to determine whether the policy contains the substantive provisions of law called for by our statutes, in such a form as to give the contract proper effect.

Another question is whether the provisions which, in substance, must be inserted in the policy, must appear in a form substantially identical with that given in the statute, or whether it is enough if they contain everything, in meaning and legal effect, that the statute prescribes, and at the same time include other things relating to the same subject, no one of which impairs the force of that which is prescribed for the benefit of the insured. Inasmuch as the ten provisions referred to and the other prescribed parts of the policy were intended for the protection of the policy holder, we are of opinion that, if they are contained in substance in the policy, their form may be varied, and additional provisions beneficial to the insured may be inserted, provided the requirements of the statute are satisfied, and are left undiminished by that which is added.

Instead of the third provision already quoted from § 75, the form of policy of the Travelers' Insurance Company says: "This instrument contains the entire contract between the parties hereto, and all statements purporting to be made by the insured shall, in the absence of fraud, be deemed representations and not warranties, and no such statement shall be used in defense to a claim under the contract unless it be contained in the application herefor." The insurance commissioner suggested that the words, "and the application is attached hereto," be added to meet the requirement of the statute. We are of opinion that this was necessary. The language of the provision did not even make it certain that the application, or the statement referred to, was in writing. The reference to an application in the early part of the policy, especially if there should be a failure to copy the application on the policy, might not protect the rights of the insured in every case. Moreover, inasmuch as the provision is insufficient, we think it better that the words, "and the application," be also inserted after the words, "this instrument," so as to conform to the statute exactly. It is conceivable that the application might contain something helpful to the insured as a part of the contract, in connection with other provisions, and with questions that might arise.

The subject most discussed in both cases is whether the form of the policy conforms to the St. 1907, c. 576, § 34, which requires that " contracts of insurance for each of the classes speci-

fied in section thirty-two, shall be in separate and distinct policies, notwithstanding any provision of this act which permits a company to transact more than one of said classes of insurance." Section 32 authorizes the formation of an insurance company to engage in insurance of any one of twelve different kinds or classes. The agreement of association must state the class of insurance the company proposes to transact, and on what business plan or principle. Section 33. Under § 34, neither domestic nor foreign companies, with certain specified exceptions, are permitted to transact more than one kind or class of insurance. One of these exceptions allows life insurance companies with a certain amount of paid-up capital to transact the business specified in the fifth clause, which is insurance against bodily injury, or death by accident, and upon the health of individuals.

This statute carries the regulation of the business of insurance much further than any previous legislation. It forbids the combination of two classes of insurance in the same policy, even when one company is permitted to transact insurance business of two or three classes. The petitioner contends that this quoted requirement does not apply to one of these classes of insurance, when conducted by a company in connection with life insurance. There is no reason for a distinction of this kind. The contract for insurance in each of these classes is to be in a separate and distinct policy, as well when the company is also doing the business of life insurance, as when it is furnishing insurance of any other class. There are reasons for this requirement, especially in connection with the maintenance of proper reserve funds, and with taxation. These reasons are as strong in their application to life insurance in connection with insurance in one of the classes named in § 32, as in their application to any two classes specified in the section.

It remains to inquire as to each of these companies, whether any part of the insurance referred to in the policy is within the fifth clause mentioned in § 32. That clause is, " To insure any person against bodily injury or death by accident, . . . and to make insurance upon the health of individuals." The policy of each of these companies, besides providing for life insurance in a common form, provides that after one full annual payment

has been made, in case of impairment of health by bodily injury or disease, such as to prevent the insured for the rest of his life from pursuing any gainful occupation, an additional provision shall be made for him in some one of different ways.  The first of the petitioners agrees, in such a case, to keep the policy in force twelve months, and then to pay the policy holder one twentieth of the sum insured, and make the same payment annually thereafter until the whole sum insured shall have been paid ; or, to pay him a specified annuity for life.  The second of the petitioners agrees, in such a case, to pay the premiums on the policy so long as the disability continues, without charging them against the contract, and the cash loans and the values of the contract are to increase in the same manner as if the premiums were being paid by the insured ; but the insured may at any time cancel this provision of the policy and be entitled to a reduction of twenty-five cents for each one thousand dollars of insurance, upon his annual premiums.

It is agreed, and if it were not agreed it would be obvious, that this insurance against disability from injuries or disease is a liability which costs the company something, and for which provision must be made by way of reserve.  It seems plain that it is an insurance of health and against accident.  The real difference between this and an ordinary accident insurance policy is that the liability is only for a disability which is total and is thought to be permanent, and that the compensation to the insured is made in connection with a contract for life insurance, instead of being made in separate payments of money directly to the insured.  But these conditions do not affect the principle. Life insurance and insurance of the fifth class, under § 32, are embodied in the same policy.

It is said that this is incidental to life insurance.  In the sense that, of the two classes of insurance, one is the principal and more important and the other subordinate, it may be said to be incidental; but that is of no importance.  Any two of the classes of insurance mentioned in § 32 which are kindred to each other might be combined in the same contract, and the contract might be so made that one would be the principal and the other secondary, and in their nature they might have close relations to each other.  This would not enable an insurance company to

embody them in the same policy, even though, in a sense, one might be said to be incidental to the other.    In a true sense they are two different classes of insurance under the statute. It is only the attempt to incorporate them in the same contract, and connect one contract with the other, in violation of the statute, that makes one seem incidental to the other.

As to this part of the policy in each case, we are of opinion that the insurance commissioner was correct, that the form of the policy was erroneous, and that the petitioners are not entitled to relief under their petitions.

*So ordered.*