TRAVELERS INSURANCE COMPANY v. WATKINS, COMMIS-
SIONER.

ÆTNA INSURANCE COMPANY v. WATKINS, COMMIS-
SIONER.

Submitted June 8, 1908—Decided December 1, 1908.

1. A policy of life insurance containing provisions that in case of bodily injuries to the insured which shall prevent his pursuing any gainful occupation, the company will pay for him the premiums afterward accruing on the policy, is in violation of the statute of this state, which forbids the inclusion of life insurance and insurance against bodily injury or death by accident in the same policy. *Pamph. L.* 1902, *p.* 407; *Pamph. L.* 1907, *p.* 127.

2. So, also, is a policy containing, besides the usual life insurance contract, a provision that in case of bodily injury to the insured causing permanent total disability to perform any work or follow any occupation for compensation or profit, or in case of loss by accident of eyesight, hands or feet, the insured, in lieu of continuing the policy, may, at his option, receive in his lifetime its face value in twenty annual installments, or a life annuity of a stipulated amount, to be ascertained by a table embodied in the policy.

On *certiorari.*

Before Justices GARRISON, SWAYZE and PARKER.

For the prosecutors, *Richard V. Lindabury.*

For the defendant, *Nelson B. Gaskill,* assistant attorney-general.

The opinion of the court was delivered by

PARKER, J. Section 4 of a supplement to the General Insurance act, being chapter 72 of the laws of 1907, provides that—

"No form of policy of life insurance shall be issued by any domestic company, or be issued or delivered within this state to any resident thereof by a foreign life insurance com-

pany, until after such form shall have been filed with the commissioner of banking and insurance. If the commissioner shall at any time notify any company of his disapproval of any such form, as contrary to law, specifying particulars, it shall be unlawful for such company thereafter to issue any policy in the form so disapproved. Such disapproval of the commissioner may be reviewed by a writ of *certiorari.*"

Pursuant to this statute, the Ætna Life Insurance Company and Travelers Insurance Company, respectively, submitted to the commissioner proposed new forms of policy, and having received notice of his disapproval of the same, have brought these two writs of *certiorari* to review his action.

The two forms submitted, one by each company, were not identical, but were both rejected on the same ground, viz., that each policy combined a contract for life insurance with one for insurance against bodily injury by accident, contrary to the prohibition of our statute. The present inquiry is whether the commissioner erred in this finding.

Section 1 of the "Act to provide for the regulation and incorporation of insurance companies and to regulate the transaction of insurance business in this state" (*Pamph. L.* 1902, *p.* 407), as amended in 1907 (*Pamph. L., p.* 127), specifies thirteen general classes of insurance for which companies may be formed in this state. Those pertinent to the present discussion are classes III. and IV., viz.:

"III. Upon the lives or health of persons, and every insurance appertaining thereto, and to grant, purchase or dispose of annuities.

"IV. Against bodily injury or death by accident (and upon the health of persons)."

The clause in parenthesis was added by the amendment of 1907.

Section 2 provides that "No company shall be formed for the purpose of engaging in any other kind of insurance than that specified in some one of the subdivisions of the preceding section, or more kinds of insurance than are specified in a single subdivision, except that a company may be formed * * *; (2) for the purposes specified in subdivisions third

and fourth; * * * contracts for each of the kinds of insurance specified in the subdivisions of the preceding section shall be in separate and distinct policies, except that the same policy may embrace risks specified in subdivisions fourth and fifth." This exception does not affect the present case.

The two prosecuting companies were not organized in New Jersey, but were admitted to do business here under other provisions of our law. Their admission, by section 58 of the act, is limited to the transaction in this state of "any class or classes of insurance authorized by this act to be transacted by an insurance company of this state," and it is not pretended but that all the restrictions of section 2 apply to the prosecutors. It will be seen that while section 2 does not forbid, but, in fact, expressly allows the same company to issue both life and accident policies, it prohibits life and accident risks to be joined in the same policy.

This brings us to a consideration of the frame of the policies in question, and especially the clauses therein which were held by the commissioner as indicating a violation of the prohibition. The sample form submitted by the Travelers company is for $10,000, payable to the beneficiary in twenty annual installments of $250 each, and one year after the last installment a final payment of $5,000. It calls for an annual payment of $186.60 for twenty years. After various provisions relating to loans, change of beneficiary, non-forfeitable privileges and so on, comes the clause specifically ruled on by the commissioner, as follows:

"Premiums on contract paid by the company, if insured, is wholly disabled, as follows: After one full annual payment shall have been made and before a default in the payment of any subsequent premium, if the insured shall furnish satisfactory proof that he has become wholly disabled by bodily injuries or disease, and will be permanently, continuously and wholly prevented thereby for life from pursuing any and all gainful occupations, the company by an endorsement in writing upon this contract will agree to pay for the insured the premiums, if any, which shall thereafter become payable during the continuance of such disability. In any such case the

premiums so paid shall not be a lien on this contract, and the cash loans and the values of this contract in the schedule on the second page hereof shall increase in the same manner as if the premiums were being paid by the insured. If, however, the insured shall recover so as to be able to engage in any gainful occupation during the premium-paying period the company's obligation to pay the premiums shall cease and the insured shall resume payment of premiums in accordance with this contract on the first premium date following such recovery. On any anniversary of this contract this provision may be canceled by the insured, in which event the subsequent annual premiums will be reduced twenty-five cents for each one thousand dollars of insurance hereunder, and such reduction will be endorsed hereon."

In the agreed state of the case, as submitted by this company, it is stipulated, among other things:

That no additional premium is charged for a policy containing said clause to that charged for the policies not containing it, but said clause is offered as a gratuitous privilege or advantage to the insured, and that the privilege conferred upon the insured by the said disability clause to cancel the same on any anniversary date of the said policy and the reduction upon subsequent premiums of twenty-five cents for each one thousand dollars of insurance, was incorporated as a part of the said policy at the request of the insurance department of the State of Ohio, to be used by said department in a measure to ascertain the present worth of future contingent obligations assumed by the company under the disability provision in addition to those measured by the mortality tables.

Counsel for prosecutors, however, in their brief, say that "one more benefit or contingency is added, the cost of which is undoubtedly capable of calculation, and is, of course, embraced in the premium." In other words, while making no reduction of premium on a policy not containing this special clause, the company finds the premium on such policy sufficient to compensate it for any increased hazard arising from the "benefit or contingency" covered by the clause in question.

When we analyze this "benefit or contingency" we find it to be this, that the first year's premium is accepted by the company as compensation for two risks, one, that the insured may die within the year and the additional term of automatic extension, in this case one month; the other, that the insured may be disabled by disease or bodily accident thereafter at some time during the twenty years during which premiums are to be paid, in which case the company agrees to pay for his benefit all future premiums on the policy during the continuance of the disability. In an extreme case this would be nineteen premiums or a total in the sample policy of $3,545.40, which the company pays for his benefit or excuses him from paying, which amounts to the same thing. Any postponement of the accident decreases both the chance and the amount of risk, but we cannot make of it anything but a risk to one party and a benefit to the other. To the contingency of disease no objection was raised by the commissioner, doubtless on the theory that as subdivision III. includes both life and health insurance no objection exists to the incorporation of both risks in one policy. But we do not see how the insurer can undertake in case of accident to surrender its right to future premiums without taking and insuring the risk of accident *pro tanto,* nor how this risk to the insurer, calculated and allowed for, can be aught but a benefit secured to the insured by his contract and paid for in the premium. Certainly, if the agreement was to pay to the beneficiary by annual installments in case of such accident, an amount equal to the premium, it would be clearly an accident risk; but there is no difference in the result to the company. While it may fairly be presumed that the company did not assume this additional risk from purely altruistic motives, we recognize fully that the provision under consideration is from some points of view highly beneficial to the insured and the beneficiary by tending to avoid lapsing of life insurance policies for non-payment of premiums due to the misfortune of the assured in meeting with accident. No very satisfactory reason is assignable, so far as we can learn, for the prohibition of this combination of risks in one policy.

The explanation that it is intended for the convenience of the insurance departments in calculating reserves fails to satisfy. Perhaps the statute under such circumstances should not be extended by implication; but this in our judgment is not a case of implication but of coming within an express provision. However, we note that the prohibition is not a new one; in fact, the old law was more stringent than at present. The Insurance law of 1852 (*Rev., p.* 509, § 15) provided that "no company making insurance on the health or lives of individuals shall be permitted to take *any other kind of risks.*" This has been relaxed so as to permit the same company to write accident risks as well as life risks (subdivisions III. and IV.), so all that remains of the restriction in this particular case is the requirement that separate policies shall be written. In this view of the case, the supposition that this restriction has no rational basis and should be confined to cases plainly within its terms, loses much of its force, for a statutory life of full half a century implies some good reason for the statute.

We conclude, then, that the commissioner was right in refusing his approval to the Travelers form of policy submitted.

The Ætna policy also, in our opinion, contravenes the law in the same way as the Travelers, though differently drawn. The disability provisions are as follows:

"Total and permanent disability. If proof is received by the company that by reason of bodily injuries or disease originating after the issue ,of this policy the insured has become wholly, continuously and permanently unable to perform any work or follow any occupation for compensation or profit, this insurance will, if all premiums previously due have been paid, continue in full force for twelve months from the time the next premium falls due without payment of premium. At the expiration of that time the company will, upon the request of the life beneficiary, and assignee, if any, pay in full settlement of this policy and in lieu of all other benefits and privileges herein provided either one-twentieth of the sum insured, and will pay the same amount annually

thereafter until the entire sum insured has been paid, or will pay the amount of annuity shown by table E for the age of the insured at the last birthday preceding the approval of such proofs and the same amount annually thereafter during the lifetime of the insured, provided that at every such annuity payment satisfactory proof is furnished that the insured is then living. In either case any indebtedness to the company against the policy will reduce the annuity payment by the company in the same proportion that such indebtedness bears to the sum insured. If neither of the above installment payments is requested, the insurance may, at the expiration of said twelve months, be continued under its original conditions by the payment within the days of grace of the premium then due, or the policy will be entitled to the non-forfeiting values herein provided. If the policy has reached the condition where by its terms it has become full paid at the expiration of the twelve months above described, it may then enter upon the disability benefits and privileges herein provided upon request of the life beneficiary and assignee to that effect.

"The company will also extend the privileges and benefits for total and permanent disability above described to cover the irrevocable loss of the entire sight of both eyes, or the total and permanent loss by removal or disease of the use of both hands, or of both feet, or of such loss of one hand and one foot, all occurring after the issue of this policy and before default in the payment of the premium.

"If the insured shall recover from the total disability above described before the expiration of the said twelve months the payment of premiums hereon may be resumed with the premium falling due next after such recovery and the insurance will continue as originally issued; or if such recovery occurs and premiums are not resumed, then the policy shall be regarded as lapsing with the non-payment of the first premium due after such recovery, and entitled to the non-forfeiting values hereinbefore described, subject to the total indebtedness hereon.

"Any benefit for total and permanent disability within the meaning of this policy is conditioned upon the company being

permitted to examine the insured when desired within one
year from the receipt and approval of the proof."

From this somewhat voluminous agreement we gather that
in case the insured is deprived by accident or disease of his
earning power, he will be entitled under the policy to the fol-
lowing benefits not otherwise available to him:

1. A continuance of the policy for one year without pay-
ment of premium.

2. At the end of that time, if insured does not recover, these
options in lieu of all other benefits of the policy:

A. Payment of the face of the policy in twenty annual
installments; or,

B. An annuity for life as per table appended.

C. To continue the policy in force by the insured renewing
his payment of premiums.

If at the time of disability the policy is paid up, the options
A and B take effect at once. Loss of eyesight, or of both
hands, or of both feet, or of one hand and one foot, to give
the same rights as total disability.

It thus appears that the company takes the risk and the
insured receives the benefit in case of accident within the
terms of the policy of exercising the option of having it turned
into a matured endowment policy, or an annuity, or continu-
ing it in force. It cannot be denied that a valuable right is
conferred.

The Ætna policy is therefore also, in our judgment, within
the prohibition of the statute forbidding life and accident
risks to be joined in one contract. It follows that the ruling
of the commissioner in both cases will be affirmed. The Su-
preme Court of Massachusetts appears to have reached a
similar conclusion respecting these policies under the statute
of that state. *Ætna Insurance Co.* v. *Hardison,* 199 *Mass.*
181.