METROPOLITAN LIFE INSURANCE COMPANY *vs.* INSURANCE COMMISSIONER.

Suffolk.    January 18, 1911. — March 7, 1911.

Present: KNOWLTON, C. J., MORTON, LORING, BRALEY, & RUGG, JJ.

*Insurance, Life, Accident, Industrial. Insurance Commissioner.*

A foreign insurance corporation, with a capital stock of $2,000,000 and a very large surplus, engaged since 1879 chiefly in the business of industrial insurance, namely, of the issuing of non-participating life insurance policies in sums of less than $500 with a fixed premium payable in small instalments at short intervals, usually weekly, had made in its policies, in order to avoid fraudulent risks and to keep the expense of investigations duly proportional to the amount of the insurance, limitations that, if the insured died within a certain number of months of the issuance of the policy, nothing should be payable thereunder. In 1909 it proposed to issue a policy of industrial life insurance containing the following provision on the first page : " One half only of the above sum payable if death occur within six calendar months from date, and the full amount if death occur thereafter," and on the third page the following provision : " Accidental Death. In the event of the death of the insured from accident within six months from the date of this policy, the full amount of insurance named in the first schedule will be paid subject to the policy conditions." *Held,* that the provisions above quoted did not constitute accident insurance within the description contained in St. 1907, c. 576, § 32, cl. 5, and therefore that the life insurance policy which the corporation proposed to issue did not violate the requirement of § 34 that " contracts of insurance for each of the classes" specified in § 32 "shall be in separate and distinct policies."

PETITION, filed in the Supreme Judicial Court on April 4, 1910, under St. 1907, c. 576, § 75, seeking a review of the action

of the insurance commissioner in determining that a certain form of insurance policy described in the opinion, which on April 13, 1909, it had submitted to the commissioner for his approval, did not comply with the requirements of that statute.

The case was heard by *Braley,* J., on the pleadings and an agreed statement of facts, and was reserved for determination by the full court.

The sections of the St. 1907, c. 576, which are material to a complete understanding of the decision, are as follows :

Section 32.   " Ten or more persons residents of this commonwealth may form an insurance company for any one of the following purposes :

[Here follow twelve clauses, each clause specifying a certain kind of insurance, the fifth clause reading as follows:]

" Fifth, To insure any person against bodily injury or death by accident . . . and to make insurance upon the health of individuals."

Section 34.   " No domestic insurance company shall transact any business other than that specified in its charter or agreement of association and no foreign insurance company admitted to this commonwealth prior to May thirty-first, eighteen hundred and eighty-seven, shall transact any other kind of business than it had been authorized to transact prior to that date, and no foreign insurance company admitted since said date shall transact more than one class or kind of business herein, except that a domestic company and, if its charter permits, and not otherwise, any admitted foreign company may transact : . . .

" *e.*  The kind of business specified in the fifth clause if authorized to transact the business of life insurance in this commonwealth, provided it has a paid-up capital of not less than four hundred thousand dollars. . . .

" Contracts for insurance for each of the classes specified in section thirty-two shall be in separate and distinct policies notwithstanding any provision of this act which permits a company to transact more than one of said classes of insurance."

Section 75.   " On and after January first, nineteen hundred and eight, no policy of life or endowment insurance shall be issued or delivered in this commonwealth until a copy of the form thereof has been filed at least thirty days with the insurance

commissioner; nor if the insurance commissioner notifies the company in writing within said thirty days that in his opinion the form of said policy does not comply with the requirements of the laws of this commonwealth, specifying his reasons for his opinion; provided that this action of the insurance commissioner shall be subject to review by the supreme court of this commonwealth; . . ."

The facts are stated in the opinion.

*G. W. Cox*, for the petitioner.

*F. B. Greenhalge*, Assistant Attorney General, for the respondent.

KNOWLTON, C. J. The petitioner brings its petition for a review of the decision of the insurance commissioner that a certain form of policy presented for his approval, under the St. 1907, c. 576, § 75, does not comply with the requirements of the law of this Commonwealth. The petitioner is a foreign life insurance company, having a capital stock of $2,000,000, with a very large surplus, and it is engaged chiefly in the business of industrial insurance, that is, the issuing of non-participating policies of less than $500 each, with a fixed premium payable in small instalments at short intervals, usually weekly. The form of policy proposed for use in this Commonwealth is the same that it uses in all other States, and it contains, on the first page, after a statement of the amount of the policy, this provision: " One-half only of the above sum payable if death occur within six calendar months from date, and the full amount if death occur thereafter." On the third page is this provision: " Accidental Death. In the event of the death of the insured from accident within six months from the date of this policy, the full amount of insurance named in the first schedule will be paid subject to the policy conditions."

Under the St. 1907, c. 576, § 34, contracts of insurance for each of the classes specified in § 32 shall be in separate and distinct policies. The question is whether the provision in the policy, which excepts death from accident within six months from the broader provision that limits the payment to one half the amount of the policy if death occurs within six calendar months, makes this accident insurance, within the fifth clause of § 32.

An ordinary life insurance policy includes the occurrence of death by accident as one of the conditions which call for a payment by the company, as well as death from any other cause, and ordinary accident policies include injuries by accident causing death, and to that extent they provide insurance of life. Yet neither of these two classes of policies is, for that reason, brought within the other class also.

It is agreed that, in all policies of this company issued from November 17, 1879, to September 15, 1887, there was a limitation as follows: " In the event of death within the first three months nothing is to be paid ; one third only of the above sum payable, if death occur after three months and within six months ; two thirds, if death occur after six months and within one year; and in event of death from any pulmonary disease within a year, one half of the foregoing amounts." In policies issued between September 15, 1887, and January 6, 1896, the limitation was that no benefit was to be paid if death occurred within three months, one fourth of the stated amount to be paid if death occurred after three months and within six months, and one half to be paid if death occurred after six months and within one year. In policies issued from January 6, 1896, to January 7, 1897, the limitation was one quarter of the stated amount of insurance to be paid if death occurred within six months, and one half to be paid if death occurred after six months and within one year.

The limitation in policies issued from January 7, 1907, to the time when the form of policy in question was filed was one half of the stated amount of insurance to be paid if death occurred within six months, and the whole amount to be paid if death occurred any time after six months. The reasons for these restrictions and limitations were and are twofold, namely, to keep out fraudulent risks, and at the same time keep the expense of investigations duly proportional to the amount of insurance, and to keep the amount of insurance paid always within a reasonable proportion to the premiums collected, in view of the fact that only one week's premium is paid in advance, whereas in ordinary insurance a year's premium in advance is always due.

It is obvious that the danger of fraudulent risks in insurance of this kind is greater than in some other kinds of life insurance,

and doubtless there were good reasons of policy for prescribing these limitations. On the other hand, there seems to be a good reason for excepting from the limitations cases of death by accident within six months. These provisions and methods seem to be properly incidental to the business of life insurance, in dealing with risks of this kind. Looking to the advancement of the business, and at the same time to a partial protection of the company from fraud, the company seems to have been justified in making this distinction between deaths from different causes. In issuing policies of this kind, the company is not doing a business of insurance against accident, except as all life insurance which includes death by accident is to that extent insurance against accident. It is not the giving of direct, affirmative benefits of a special kind on account of the accident. It is simply the exception of this class of cases from a limitation upon the ordinary rights of an insured person, which limitation was established for the prevention of fraud of a kind that has no relation to deaths by accident. In these particulars the case is very different from *Ætna Life Ins. Co.* v. *Hardison*, 199 Mass. 181. The provision is as if the limitation upon payments for deaths occurring within six months were expressed as applying to such deaths occurring from causes other than accident.

The taxation of this company is under the R. L. c. 14, § 28, and St. 1909, c. 490, Part III. § 30 ; that is, the company pays a percentage on the premiums collected and is not taxed on its reserve. No reserve is maintained on account of the exemption of this class of policies from the general provision as to deaths within six months, and no premium is charged on account of it. If the risk of such deaths were dealt with by itself, it would call for a slight addition to the premium, and for a reserve. But it is treated as a part of the general scheme of life insurance which calls for no separate computations.

We are of opinion that insurance in this form, under the circumstances shown in this case, is not accident insurance within the fifth clause of the St. 1907, c. 576, § 32, and that the delivery of policies of insurance within this Commonwealth in this form is not prohibited by law.

*So ordered.*