METROPOLITAN LIFE INSURANCE COMPANY *vs.* INSURANCE COMMISSIONER.

Suffolk.    December 7, 1914. — December 31, 1914.

Present: RUGG, C. J., BRALEY, SHELDON, DE COURCY, & CROSBY, JJ.

*Insurance,* Life, Accident.    *Words,* "Cost."

Under St. 1912, c. 524, which provides that a foreign life insurance company, if permitted to do so by its charter or by the State in which it is incorporated, may insert in its life insurance contracts provisions for certain features of accident insurance, "which provisions shall state the special benefits to be granted thereunder and the cost of such concessions to the insured," a policy of life insurance proposed by such a company is in proper form if, after a provision in which the permitted elements of accident insurance are included, it states, "This provision is granted without additional cost to the insured," there being nothing in the statute which requires the insurance company to divide the premium charged and apportion it between the life and the accident insurance covered by the policy.

RUGG, C. J.    This is a petition brought under St. 1907, c. 576, § 75, praying for a review of the action of the insurance commissioner with respect to the form of an insurance policy proposed to be issued in this Commonwealth by the petitioner, an insurance corporation organized under the laws of New York. The case was reserved by the single justice for our determination.

It was decided in *Ætna Life Ins. Co.* v. *Hardison,* 199 Mass.

181, that under the statutes then in force accident insurance could not be issued in combination with life insurance in one policy. Thereafter, St. 1912, c. 524, was passed, by which it was enacted that any foreign life insurance company, if permitted by its charter or the law of its domicil, might incorporate in its life insurance contracts certain features of accident insurance "which provisions shall state the special benefits to be granted thereunder and the cost of such concessions to the insured." * Thereupon, the petitioner proposed a form of life insurance in which were combined elements of accident insurance, which concluded with the statement, "This provision is granted without additional cost to the insured." The point to be decided is whether a policy in this form is a compliance with St. 1912, c. 524.

Interpreting the words according to their natural meaning, such a policy satisfies the statute. It is "the cost of such concessions to the insured" which must be set forth in the policy. If the company makes no charge for the concession, then it does not cost the insured anything. The sense in which "cost" is used is actual and not estimated cost. It must relate to the present and not to any future or postponed date, because it must be stated in the policy. Of course such an insurance must cost the insurer something, but the statute does not require that the cost to the insurer must be written into the policy. Obviously that is a different thing from the "cost to the insured." The respondent contends that the words "to the insured" in the statute modify the word "concession" and not the word "cost." But that seems to be a

---

\* The whole of the provision of St. 1912, c. 524, here referred to is as follows: "Contracts of insurance for each of the classes specified in section thirty-two [of St. 1907, c. 576] shall be in separate and distinct policies notwithstanding any provision of this act which permits a company to transact more than one of said classes of insurance; except that any domestic life insurance company, notwithstanding any limitations of its charter to the contrary, and any foreign life insurance company authorized to transact business in this Commonwealth, if it is permitted so to do by its charter or by the State in which it is incorporated, whether or not it has a capital stock, may incorporate in its policies of insurance provisions for the waiver of premiums or for the granting of special surrender values therefor in the event that the insured thereunder shall from any cause become totally and permanently disabled, which provisions shall state the special benefits to be granted thereunder and the cost of such concessions to the insured, and shall define in such policies what shall constitute total and permanent disability."

constrained rather than the obvious construction of the phrase in the connection in which it is found. Cost to the company is something which cannot be ascertained at the time the policy is issued. The only kind of cost capable of statement in the policy must be an estimated or approximated cost founded upon calculations based on experience, or on analogies. Moreover, the cost to a company like the petitioner well might be a different sum than the premium charged, or the proportion of it apportioned to the accident feature of the policy.

If it was the purpose of the Legislature (as contended by the respondent) to make it compulsory upon the insurance company to divide the premium charged and apportion it between the life and the accident features of the policy, the language employed in the statute is inapt to express that purpose. It is not reasonably susceptible of that construction.

It is contended by the respondent that a different meaning should be attributed to the words of the statute, because otherwise the maintenance of proper reserve funds cannot be required. But this result does not follow. The insurance commissioner is not confined by St. 1907, c. 576, § 11, as amended by St. 1912, c. 74, to an inflexible rule of computing the reserve, but is given power to employ such methods as he in the exercise of a sound judgment thinks the extra hazard assumed by the company by this addition to the strict life insurance liability may demand.

The question of taxation is not raised clearly on this record. It was assumed in *Metropolitan Life Ins. Co.* v. *Insurance Commissioner,* 208 Mass. 386, that the company was taxed under St. 1909, c. 490, Part III, § 30. But it is argued by the respondent that it is taxed under § 26 of the same Part of the tax law. However that may be, it is enough to say that the words now presented for construction in St. 1912, c. 524, are too plain to be interpreted otherwise than has been indicated, even though some effect upon the tax law may be wrought. If a mistake or injustice or oversight in this respect has been made, it is not for the court but the Legislature to make the correction. The form of insurance policy presented by the petitioner is not prohibited by law in this Commonwealth.

*So ordered.*

*G. W. Cox,* for the petitioner.
*L. R. Eyges,* Assistant Attorney General, for the respondent.