# ANNA JONES, Respondent, v. PRUDENTIAL INSURANCE COMPANY OF AMERICA, Appellant.

### Springfield Court of Appeals, January 14, 1921.

1. **INSURANCE: Distinction Between Ordinary ''Life Policy'' and ''Accident Policy.''** In an ordinary "life policy," death is the contingency insured against, and if it be the result of an accident, such accident is but incidental, while in the "accident policy" the accident is the thing insured against, and death is but one of the incidents or classes of injuries insured against.

2. **CONTRACTS: Written Instruments Construed as an Entirety.** In construing any written instrument, the courts must look to the whole writing, in order that the intention of the parties, as expressed by the whole writing, may be determined.

3. **INSURANCE: Industrial Policy Held an Ordinary ''Life Policy'' and not an ''Accident Policy.''** An industrial policy issued under Revised Statutes 1919, Sections 6194-6202, providing for payment of specified amount on receipt of due proof of insured's death during continuance of policy, *held* a life policy required to be in good standing at time of insured's death, and not an accident policy, on which beneficiary could recover if in good standing at time of accident, notwithstanding disability clause providing for payment of insurance in case of total permanent disability, or provision that on insured's death within six months from date of execution the amount of insurance should be reduced one-half, "unless death shall have been caused by accident."

Appeal from Circuit Court of Jasper County.—*Hon. Grant Emerson,* Judge.

REVERSED.

*James P. Mead* for appellant.

This is an industrial policy and is for death benefits, as shown by the terms thereof, and as defined by our laws (See R. S. 1919, section 6200), and was not an accident policy and no liability created in the event of

an accident. 1 Joyce on Insurance (2 Ed.) page 86; Metropolitan Insurance Company v. Hardson, 208 Mass. 386, 94 N. E. 477. No liability attached on account of the accident and the policy being void at the time of th' death, no liability could attach. In other words, if Lee Jones had not died, and his policy had been kept in force, there would have been no liability, and the even[t] of his death occurring after the policy became absolutely void by the terms thereof, no liability could attach.    4 Joyce on Insurance (2 Ed.), page 4769.

*Pearson & Butts* for respondent.

No brief filed by respondent.—REPORTER.

FARRINGTON, J.—The plaintiff in this suit recovered a judgment in the circuit court of Jasper county, on an insurance policy issued by the defendant in the sum of $165, and it is from the judgment thus rendered that defendant brings its appeal here.

STATEMENT OF THE CASE—As the cause was tried in the circuit court on the pleadings and a stipulation of facts, the question to be decided can best be understood by setting forth the pleadings, the stipulation of facts, and the portions of the policy which are material to the question. The petition is as follows:

"Plaintiff states that on the 3rd day of March, 1919, she was duly authorized by the probate court of said Jasper county, to collect, sue for and retain as her absolute property the estate of Lee Jones, deceased, as the widow of said Lee Jones. That said defendant is an insurance corporation carrying on the business of life and accident insurance in the State of Missouri, with authority to sue, and the liability to be sued under the laws and in the courts of the State of Missouri, and having an office and an agent for the transaction of its usual business in the said township and county.

Plaintiff says that heretofore, to-wit, on the 8th day of November, 1919, the defendant by its agents in

consideration of the premiums, statements and agreements mentioned in its policy of insurance to the said Lee Jones, deceased, which policy is numbered 45,850,008, and a copy thereof marked "Exhibit A" attached hereto and filed herewith, agreed to insure said Lee Jones against death by accident.

Plaintiff further says that deceased Lee Jones paid the premiums and performed the conditions to be performed under the conditions of said policy, and that the said policy was in full force and effect at the time of said deceased's injury and death. That it is provided in said policy that the defendant did hereby insure the said Lee Jones during the time said policy was in force in the sum of $165 if the insured should die within six months from the date thereof if such death should be caused by accident.

And plaintiff says that said deceased Lee Jones while engaged in the performance of his usual duties, was accidentally injured while aiding in the loading into a railroad car sacks of flour from an adjoining mill, towit, the Brand-Dunwoody mill at Joplin, Missouri, when as the result of the jolting violently of another car against the one in which he was working, a large sack struck him and knocked him down and striking his back against the handles of a truck, painfully bruising and injuring his back in the region of the kidneys—that as a result thereof he was made sick and sore and caused to become of weak and enfeebled health and subject to infection and as a direct result of said accidental injury did become infected and poisoned and of the ensuing complications so directly caused, died on the 12th day of February, 1919.

Plaintiff states that due notice of the injury and death of deceased and the cause thereof was furnished said defendant, and offer of proofs made, but said company declined to furnish blanks for such purpose, or to entertain or pay the claim, and the same is due and wholly unpaid, and that such refusal is without reasonable cause and is vexatious.

Wherefore, plaintiff prays judgment in the sum of $165 on said policy, together with ten per cent added on account of such vexatious refusal, and a reasonable attorney's fee of $100 as by law provided."

The answer is as follows:

"Further answering defendant admits however that it is a corporation duly authorized to, and is, transacting an insurance business in the State of Missouri as alleged in plaintiff's petition, and that on the 4th day of November, 1918, it issued to Lee Jones a policy of insurance in the sum of $165.

"Defendant states that the policy of insurance so issued to Lee Jones contained the following conditions to-wit: "Should the insured die while the premium on this policy is in arrears for a period not exceeding four weeks, the company will pay the amount of insurance provided herein subject to the conditions of the policy, but after the expiration of said period of grace the liability under this policy shall cease." That the policy provided for the payment by the assured the weekly premium of 15 cents said weekly premium to be paid on or before each and every Monday during the continuance of this policy.

"Defendant further states that the last payment of weekly premiums paid by, or for, said Lee Jones was the one due November 25, 1918, and that the said policy was void and of no effect at the date of the alleged death of the said Lee Jones, viz. February 12, 1919."

The following agreed statement of facts was entered into between the parties:

"AGREED STATEMENT OF FACTS.

"Now come the above named parties by their respective attorneys and for the purpose of facilitating matters in the trial of this cause, submit the following agreed statements of facts:

"1st. That said plaintiff, Anna Jones, is the widow of Lee Jones, deceased, and is authorized as such to maintain this action, and to receive the proceeds of any recovery herein.

"2nd. That on the 4th day of November, 1918, the defendant issued its policy of insurance to Lee Jones, now deceased, and entered into a contract of insurance with said Lee Jones, which contract and the relations, benefits and obligations thereof between the said insurer and insured is witnessed by the said policy, being No. 45,850,008, which policy is included and submitted herewith to be considered and construed under the issues made by the pleadings.

"3rd. That the said Lee Jones died on the 12th day of February, 1919, the immediate cause thereof being pneumonia, the same following from and as the direct result of an accident, which accident occurred on the 23rd day of December, 1918.

"4th. That the last payment of the weekly premium on said policy as therein provided was about the 23rd day of December, 1918, and within the limitations of the four weeks period of grace provided in said policy, and that no payment of said weekly premiums so stipulated to be paid in said policy was paid after that date.

"5th. That all requirements of notice to the insurer of said death, and demands by beneficiary are fully complied with or are waived by defendant; that defendant has refused to pay and has not paid the benefits stipulated in said policy nor any part of same; the parties intending under this agreed statement to try the question whether the insurer is liable under said policy for the accidental death of insured where the accident occurred and the death followed at the time above agreed, under the status of said policy as determined by the premium payments as also agreed.

"It is also agreed that there is or was no vexatious delay chargeable to defendant and that it is not liable for damages or attorneys' fees in consequence thereof.

"6th. This agreed statement is for the purposes of this trial only and is not to bind the parties in any other respect.

"(Signed) R. A. PEARSON, Attorney for Plaintiff.
"JAMES P. MEAD, Attorney for Defendant."

The provisions of the policy germane to the issue here are as follows:

"The policy sued is No. 45,850,008, and is as follows, to-wit: excluding all parts upon which there is no issue and does not relate to any material matter in controversy in this case.

"In consideration of the weekly premiums herein specified on or before each and every Monday during the continuance of this policy or until the anniversary date of the policy immediately preceding the 70th anniversary of the birth of the insured.

"The Prudential Insurance Company of America,

"Immediately upon receipt of due proof of death of the insured during continuance of this policy, will pay at its home office, Newark, N. J., the amount of insurance herein specified to the executors or administrators of the Insured, unless payment be made under the provisions of the next succeeding paragraph.

"Facility of Payment. It is understood and agreed that the said Company may make any payment or grant any nonforfeiture provision provided for in this policy to any relative by blood or connection by marriage of the Insured, etc.

Name of Insured. Lee Jones, age next birthday 40, amount of insurance $165, weekly premium 15 cents.

"If the insured shall die within six months from the date hereof the amount of insurance will be reduced one-half, except that if such death shall have been caused by accident the full amount of insurance will be paid.

"Payment of Premium. The premiums are payable at the Home Office of the Company, but may be paid to an authorized representative of the Company, such payments to be recognized by the company must be entered at the time for the payment in the premium receipt book belonging to this policy. If for any reason the premium be not called for when due it shall be the duty of the policy holder before said premium shall be in arrears four weeks, to bring or send said premium to the Home Office of the Company, or one of its district offices.

"Period of Grace.—Should the insured die while the Premium on this Policy is in arrears for a period of not exceeding four weeks the company will pay the amount of insurance provided herein, subject to the conditions of the policy, but after the expiration of the said period of grace the Company's liability under this policy shall cease.

"Disability.—If the insured while this policy is in full force and effect and while there is no default in payment of premiums shall lose by severance both hands or both feet, or one hand and one foot or lose permanently the sight of both eyes, total and permanent disability shall be deemed to exist and as a surrender value one-half of the amount insurance shall be paid immediately . . . upon proof . . . and policy indorsed fully paid.

"Policy when Void.—This policy shall be void if the said weekly premium shall not be paid according to the terms thereof. If for any cause this Policy be or become void, all premiums paid thereon shall be forfeited to the Company. . . .

"In Witness Whereof, the president and secretary of said Company shall have signed this Policy at its Home Office in the City of Newark, N. J. on the above date.

FOREST F. DRYDEN, President.
"WILLARD I. HAMILTON, Secretary.

"Notice to Policy Holder.—Owing to the low rate of premium at which the Policies of this nature are issued, that surplus accruing thereunder shall probably not be sufficient to enable the company to apportion any dividends under this Policy before the end of the fifth year.

"Whole Life Policy.—Premiums Terminating At Age 70. Annual Dividends."

OPINION.—There is but one fundamental question to be determined in this case under the facts, and that is whether the contract of insurance entered into be-

tween the parties was what is ordinarily known as an industrial life policy, or is an accident policy, or is a combination of both so far as the insurance against death is concerned. Appellant contends that it is nothing more than a life policy of insurance which insures against the contingency of death as well as insuring against certain contingencies of disability. Respondent contends that it is not only an ordinary life policy insuring against all forms of death and against certain disabilities, but is in addition to this a policy insuring against accident which results in death.

If the policy is, as is contended by appellant, a life policy in which it merely, so far as this case is concerned, insures against the death of the insured regardless of how that death comes about, then the insured was over four weeks in arrears at the time of the death, and the liability under the policy would become fixed on the date of the death, and being over four weeks in arrears the policy was under its terms void. On the other hand, if the policy insured the deceased against accident, agreeing in the event that an accident befell him it would pay a certain sum of money in the event the accident result-ed in death, then the policy was alive on the day on which he received his injuries and liability would attach on that date, and a failure to keep up the weekly payments subsequent to that time would not relieve the company of its liability to pay in case death resulted.

No citation of authorities is needed to sustain the holding that liability on what is ordinarily known as an accident policy attaches on the date of the accident, and that such sum is due from the insurer as the result of the accident shall afterwards disclose, and the amount due under such policy according to its terms is fixed by the character of the injury received—if it be loss of eye-sight or limbs, a certain amount will be paid when satisfactory proof is made that such result has followed. So if the result be loss of life, occasioned by such injury, then proof of such loss of life fixes the amount to be paid for the accident which was insured against.

In deciding the character of this contract between the parties, it may be well to bear in mind the difference between an ordinary life policy and an accident policy. In an ordinary life policy the insurer contracts to pay a certain sum of money when satisfactory proof is made that the insured has died. Death is the contingency which must happen that will create liability under the contract. Liability attaches under such a policy when death occurs and the policy is in good standing irrespective of the cause of the death, whether it be brought about by natural causes, by intention, or by accident, and in the broad sense any life insurance policy is accident insurance if perchance the death is occasioned by reason of an accident. On the other hand the primary contingency insured against in an accident insurance policy is that no accident will befall the insured under the terms of the policy and in such time as the policy is kept alive. To be sure, a policy of accident insurance is life insurance in the broad sense, in that the insurer contracts to pay a certain sum of money when satisfactory proof is made that the insured has died as a result of an accident. [See Logan v. Insurance Co., 146 Mo. 114, 47 S. W. 948; Woodlock v. Aetna Insurance Co., 225 S. W. 994.]

It may be said that in an ordinary life policy death is the contingency insured against, and if it be the result of an accident such accident is but incidental, while in the accident policy the accident is the thing insured against and death is but one of the incidents or classes of injuries insured against.

In construing any written instrument the courts must look to the whole writing in order that the intention of the parties as expressed by the whole writing may be determined. In this contract before us there are two clauses which must be considered in arriving at the character of insurance under consideration in this case. First, the policy contains this clause: "If the insured shall die within six months from the date hereof the amount of insurance will be reduced one-half, except

that if such death shall have been caused by accident the full amount of insurance will be paid.

Another provision of the policy to which our attention is directed is the Disability Clause: ''Disability.— If the insured while this policy is in full force and effect and while there is no default in payment of premiums shall lose by severance both hands or both feet, or one hand and one foot or lose permanently the sight of both eyes, total and permanent disability shall be deemed to exist and as a surrender value one-half of the amount insurance shall be paid immediately . . . upon proof . . . and policy indorsed fully paid.''

From these two quoted provisions we are to determine whether the insurer intended to insure the plaintiff's husband against an accident which would result in his death. The insurer undoubtedly did enter into the field of accident insurance, as plainly shown by the disability clause, but the extent to which that clause carried it into the accident field limits the injuries to other than those resulting in death. If this policy did insure plaintiff's husband against accident other than in the sense in which any ordinary life insurance policy insures against accident, that is against death regardless of the cause, it must be found in the provision in the policy quoted that ''if the insured shall die within six months from the date hereof the amount of the insurance will be reduced one-half, *except that if such death shall have been caused by accident the full amount of insurance will be paid.*'' (Italics ours).

The respondent contends that the language italicized makes this policy an insurance on plaintiff's husband against accident, and that the policy being in full force on the date of his injury fixes the liability as of that date, provided the contingency of death resulted from the injury. Appellant contends that that clause was simply a stipulation which determines the measure of the liability in the event of death by accident within six months from the date the policy was written and has nothing to do with fixing liability back to an accident which ultimately resulted in death.

On turning to our statutes wherein this character of insurance is dealt with, we find it under Industrial and Prudential Insurance, article 5 includes sections 6194 to 6202, inc., Revised Statutes of Missouri, 1919, and an examination of the statutes further discloses that no decisions have been rendered construing these sections, and especially section 6200, defining the powers.

There has been cited but one case bearing directly on the question here, and on investigation we have been unable to find any additional case directly in point.

Mr. Joyce, in dealing with this character of insurance, makes the following observation:

"Industrial Insurance with Provisions As To Accidental Death Is Not Accident Insurance.—Where an industrial insurance policy makes a distinction between death from different causes and excepts death from accident occurring within a certain time and also limits the amount payable if death occurs within said specified time, such provisions are only incidental to the business of life insurance and the contract is not one of insurance against accident except so far as all life insurance which includes death by accident is to that extent insurance against accident. It is not the giving of direct affirmative benefits of a special kind on account of the accident. It is simply the exception of this class of cases from the limitation upon the ordinary rights of an insured person. The provision is as if the limitation upon payments for death occurring within the time specified were expressed as applying to such deaths occurring from causes other than accident." [1 Joyce on the Law of Insurance (2 Ed.), sec. 337c, page 814. See, also, same ·Vol., sec. 7b, l. c. page 86.]

That text is based upon the case of Met. Life Insurance Co. v. Hardison, 208 Mass., 386, 94 N. E. 477. He further defines the clause which we have italicized as one that does not give direct affirmative benefits of a special kind on account of an accident, but that it constitutes simply an exception of that class of cases from the ordinary rights of an insured person, which

208 M. A.—44

limitation was established to prevent fraud of a kind bearing no relation to death by accident.

The case of Met. Life Insurance Co. v. Hardison arose over a contract very similar to the one under consideration, it, however, containing a provision under a sub-title of "Accidental Death." The Supreme Court of Massachsetts held that such policy was a life policy and was not an accident policy in the ordinary acceptation of that term. That is, it held that the agreement to pay the full amount of the policy within the first few months after its issuance was merely an exception to a limitation on the amount to be paid, which limitation was inserted for the prevention of frauds. It does not appear from the opinion in that case whether there was any disability provision in the policy there under consideration, but in view of the fact that the accident in this case in no way fell under the provision of the disability clause and no reliance can be placed for liability on account of such disability clause other than such general bearing that a clause in a life insurance policy might help in solving the character of insurance involved, we do not believe that the insertion of such provision in the policy would change the provision which excepts death by an accident from the six months limitation.

The reasoning of the Massachusetts court in the case of Met. Life Insurance Co. v. Hardison, 208 Mass. 386, 94 N. E. 477, appeals to us as being sound. We must, therefore, hold that the term "except that if death shall have been caused by accident the full amount of insuranc will be paid," created only a liability *in case of death,* where death was occasioned by an accident, the policy having been kept alive by required payments, and did not undertake to protect the insured against an accident which might or might not result in death. We must, therefore, hold that under the terms of the policy and the agreed statement of facts this insurance policy had lapsed and was not in force on February 12, 1919. Entertaining these views, it results that the judgment in this case must be reversed, and it is so ordered.

*Cox, P. J.,* and *Bradley, J.,* concur.