METROPOLITAN LIFE INSURANCE COMPANY *vs.* COMMISSIONER OF INSURANCE.

Suffolk.   January 2, 1935. — January 30, 1935.

Present: RUGG, C.J., CROSBY, FIELD, LUMMUS, & QUA, JJ.

*Insurance,* Life.

A provision, which an insurance company proposed to incorporate by "riders" in certain policies of life insurance already issued and then in force and which gave the insured or the beneficiaries under each policy the additional privilege to elect that, when payment should become due under the policy, the whole or any part of the amount payable should be paid in the form of an annuity continuing during their lives in accordance with any of the several forms of single payment life annuity contracts which the insurance company might "be offering generally at the time such election is made, at its net rates for such annuities prevailing at such time," was contrary to law in that it did not and could not contain "a table showing the amounts of the instalments and annuity payments," as required by G. L. (Ter. Ed.) c. 175, § 132, cl. 10; § 192; and it was proper for the commissioner of insurance, upon such provision being filed with him for his approval, to disapprove it.

PETITION, filed in the Supreme Judicial Court for the county of Suffolk on September 27, 1934, and described in the opinion.

The case was reserved and reported by *Field,* J., for determination by the full court.

The case was submitted on briefs.

*J. F. Bacon,* for the petitioner.

*J. E. Warner,* Attorney General, *& R. Clapp,* Assistant Attorney General, for the respondent.

QUA, J.   This is a petition under G. L. (Ter. Ed.) c. 175, § 132, as amended by St. 1933, c. 101, § 1, for review by this court of the action of the commissioner of insurance disapproving a proposed new form of "rider," called in the record "Option Four," which the petitioner has filed with the commissioner for his approval in accordance with said statute.

The proposed "Option Four" is intended to be attached to certain existing life insurance policies issued by the petitioner and now outstanding and in force in the hands of policy holders. It would accord to persons insured and their beneficiaries the additional privilege at their option to elect that the whole or any part of the amount payable according to the terms of their policies shall, when payment falls due, be retained by the petitioner and an annuity substituted for the cash payment, to continue during the life or lives of the beneficiaries or of the insured or both in accordance with any of the several forms of single payment life annuity contracts which (quoting from the petition) "your petitioner may be offering generally at the time such election is made, at its net rates for such annuities prevailing at such time." The record states that the petitioner now offers ten such forms of annuities. G. L. (Ter. Ed.) c. 175, § 132, cl. 10, provides in effect that when the proceeds of any life insurance policy are payable in instalments or as an annuity the policy shall contain "a table showing the amounts of the instalments and annuity payments." By § 192 the same requirement is made applicable to riders designed to be attached to policies so as to constitute a part of the contract. No such table was contained either in the petitioner's contracts of insurance as originally issued or in the proposed "Option Four" as filed with the commissioner. It could not be contained in the proposed form at the time of filing with the commissioner because it was not then known what the amounts of the annuity payments would be for any of the forms of annuity which the petitioner might be offering at the time when the election to take an annuity instead of a cash payment might be made. Nor could that be known even at the times of attachment of the new forms to the policies. It is an essential part of the petitioner's proposed plan that it shall retain for itself full control over both the rates and the forms of annuities offered until such time as the policy holder shall have made final election to take some form of annuity instead of the cash payment provided for in the original policy. This is contrary to the intent and language of the statute.

The petitioner argues that the proposed option is wholly for the benefit of the insured or the beneficiary in that it does nothing more than to confer upon him a new privilege which he does not now possess to elect at some future time an alternative method of payment which he is not required to accept, unless, in the light of conditions then existing, he shall decide that it is for his advantage to do so, and that none of his existing rights are in any way impaired. See *Aetna Life Ins. Co.* v. *Hardison,* 199 Mass. 181, 187. Without considering whether as a matter of general policy this argument might have weight, or whether there might not be opposing considerations of paramount importance, it is enough for us to say that we are governed by the statutes as they now stand.

The commissioner of insurance was right in disapproving the proposed rider as not complying with the law.

*Petition dismissed.*