22165. Life Insurance Company of Virginia v. Brooks, admr.

Stephens, J. 1. Where an insurance policy provides for the payment of "the amount of benefit" provided for in the policy to the beneficiary entitled to receive it as provided in a so-called "facility of payment" clause, upon satisfactory proof of the death of the insured, and also provides that if the insured sustains certain physical impairments, such as the severance of a hand or foot or the permanent loss of the sight of both eyes, and lives at least thirty days thereafter, he shall be paid "an amount equal to the full amount of insurance at the time of such loss," and where the policy further provides that where the insured, "while this policy is in force, has sustained bodily injury, solely through external, violent and accidental means, occurring after the date of the policy, and while there is no default in the payment of premiums, and resulting, directly and independently of all other causes in the death of the insured within ninety days from the date of such bodily injury, the company will pay . . an accidental death benefit equal to the face amount of insurance stated in this policy less the amount of any benefit which has become payable under the 'loss of eyesight or limbs' clause of this policy on account of the same bodily injury," and where the policy elsewhere, when referring to the payment to be made under the policy in the event of the insured's death resulting from bodily injury, denominates such payment as being an "accidental death benefit," the provision in the policy that where the insured had sustained certain described bodily injuries "resulting" in his death within ninety days from the date of such injury, he would be paid "an accidental death benefit equal to the face amount of insurance stated in this policy," etc., is a provision for the payment of accident insurance in the event of an accident from which death results within ninety days, and is not a provision for the payment of life-insurance upon the death of the insured where death results from certain designated causes. This ruling is clearly distinguishable from that in Jones v. Prudential Insurance Co., (Mo.), 236 S. W. 429, where it

was held that death, and not accident, was the contingency insured against under a provision in the policy that "if the insured shall die within six months from the date hereof the amount of insurance will be reduced one-half, except that if such death shall have been caused by accident the full amount of insurance will be paid;" and is distinguishable from the decision in Metropolitan Life Ins. Co. *v.* Hardison, 208 Mass. 386 (94 N. E. 477), where the same construction was given to a policy which provided that "in the event of the death of the insured from accident within six calendar months from the date of this policy, the full amount of insurance named in the first schedule will be paid, subject to the policy conditions." It therefore follows that, where the policy insures against an accident which results in death occurring within ninety days from the date of the accident, a liability under the policy for the death of the insured arises at the time of the accident, if the policy is then in force, and not at the time of the occurrence of the death resulting thereafter. Where at the time of the accident the insured was in arrears in the payment of the weekly premiums, but the four-week-grace period for the payment of premiums during which the policy was still in force had not expired, the policy was in force at the time of the accident, and the insurer is liable thereunder, as provided in the policy, for the death of the insured occurring within ninety days thereafter and which resulted from the accident, notwithstanding the death may have occurred after the expiration of the grace period for the payment of premiums, and the premiums had not been paid and the policy would have lapsed and there would have been no liability thereunder for the death of the insured had the death, and not the accident, been the contingency insured against.

2. Where the policy provides that, in the event of the failure of the insured to pay a premium within four weeks after the date on which it was due, the policy shall become void, and that where the insured, "while this policy is in force has sustained bodily injury," etc., "and while there is no default in the payment of premiums," receives injuries from which death results within ninety days, there will be paid a benefit as provided in the policy, the policy contemplates that the premiums are not in default during a period of four weeks after the last payment was made, and that the bodily injury which occurs within this period and which results in the death of the insured necessarily occurs while the policy is in force.

3. Where the policy provides for the payment of the premiums weekly in advance, on or before every Monday, and a grace period not exceeding four weeks is allowed for the payment of premiums, during which period of four weeks, although the premiums have not been paid, the policy is still in force, the grace period of four weeks, where the last premium was paid on Monday January 26, 1931, did not expire before the Monday on which the fourth premium payable thereafter was due, viz. February 23d. An accident to the insured on February 21st occurred during the life of the policy and while it was in force.

4. Where an insurer fails to furnish to the beneficiary under an insurance policy the blanks required for making proof of loss, when requested by

the beneficiary, the requirement for the filing of proof of loss upon blanks furnished by the company is thereby waived.

5. In this case, in which the beneficiary sued the insurer on such a policy, to recover for the death of the insured, the petition set out a cause of action, and the court did not err in overruling the demurrers thereto.

*Judgment affirmed. Jenkins, P. J., and Sutton, J., concur.*

DECIDED FEBRUARY 8, 1933.

*W. D. Lanier,* for plaintiff in error. *Paul T. Chance,* contra.