## LAMAR LIFE INS. CO. *v.* MINOR.

(Division A. May 7, 1934. Suggestion of Error Overruled June 11, 1934.)

[154 So. 542. No. 31230.]

Wells, Wells & Lipscomb, of Jackson, for appellant.

Brandon & Brandon, of Natchez, for appellee.

Argued orally by **Hubert Lipscomb**, for appellant, and by **Gerard Brandon**, for appellee.

**Smith, C. J.**, delivered the opinion of the court.

The appellee recovered a judgment against the appellant on a life insurance policy issued by it to her deceased husband, in which she was the beneficiary.

The appellant's defense is that the policy had expired by limitation prior to the death of the insured. The insured failed to pay a premium on the policy, but under its terms it continued in force for some time thereafter. This time, according to the appellee, extended beyond the death of the insured, but, according to the appellant, expired before his death.

The policy provides:

"11. Reserve Basis. The reserve on the life insurance benefit of this Policy shall be computed on the American Experience Table of Mortality with interest at the rate of three and one-half per cent per annum according to the Illinois standard of valuation. The values shown in the Table of Guaranteed Loan and Surrender Values on the third page hereof are equivalent to the full reserve on

the Policy less a sum not in excess of one and one-half per cent of the amount insured.''

''18. Automatic Extended Insurance. If any premium or installment thereof shall not be paid on or before the date when due, and, if this Policy shall not have been surrendered for its cash value or for a Paid-up Endowment Policy, and, if there shall be no indebtedness to the Company, this Policy will continue in force for its face amount as paid-up term insurance from said due date of premium for the time (including days of grace) specified in the Table of Guaranteed Loan and Surrender Values. The amount, if any, stipulated in the column headed 'Cash if Living' (Pure Endowment) will be paid on the same conditions as this Policy if the Insured be living at the expiration of the term period. If there shall be any indebtedness to the Company on account of this Policy, the amount of such paid-up term insurance shall be the face amount of this Policy less the indebtedness, and the Period of such paid-up term insurance (including days of grace) shall be that which the excess of the cash surrender value herein specified over the indebtedness will purchase at the Insured's then attained age; at the net single premium rate according to the American Experience Table of Mortality with interest at the rate of three and one-half per cent per annum. If the sum applicable to the purchase of said paid-up term insurance shall be more than sufficient to continue the insurance to the end of the policy year nearest to age eighty-five, the excess shall be used to purchase in the same manner a paid-up pure endowment payable at the end of the endowment period and on the same conditions as this Policy.''

''Table of Guaranteed Loan and Surrender Values.

''This table shows the guaranteed values of this Policy free from indebtedness. Any existing indebtedness on or secured by this Policy will reduce the benefits hereunder as elsewhere stated in the Policy.

| End of Policy Year | Cash or Loan Value | Paid-up Endowment | Automatic Extended Ins. and Years | Days | Cash if Living Pure End |
|---|---|---|---|---|---|
| 3 | $43 | $ 78 | 2 | 253 | $ 0 |
| 4 | 66 | 118 | 3 | 308 | 0 |

(And so on for each year through and including the 20th.)

"The Loan Value obtainable at the end of any policy year may be secured during that year if the premium is paid to the end of such year. Due allowance will be made for any portion of a year's premium paid over and above the premiums for the full number of years indicated. Values for years subsequent to the twentieth will be equal or equivalent to the full reserve upon the basis stated herein and will be furnished on request to the Home Office of the Company."

The case was tried without a jury on an agreed statement of facts, from which it appears that the insured owed the appellant one hundred seventy dollars on a loan made by it to him, and that at the time of his death, after deducting this loan, the balance due on the cash surrender value of the policy, as set forth in the automatic extended insurance and surrender values, was seven dollars, which would automatically extend the insurance for a time, but which had expired before the insured's death. It also appears therefrom that, if the cash surrender value should be based on the reserve on the policy set forth in paragraph 11 thereof, this value, after deducting the loan therefrom, would be sufficient to purchase extended insurance for a time beyond the death of the insured.

The contention of the appellee is that the statement in the policy of its guaranteed loan and surrender values was not intended to definitely fix the amounts thereof, but was simply a guaranty that these values would not be less than the amounts stated; that the true cash surrender value of the policy is determined by the amount

of the reserve apportioned thereto under paragraph 11 of the policy, hereinbefore set forth.

While the question is not without difficulty, this seems to be the correct interpretation of the policy. Paragraph 11 thereof evidently proceeds on the theory that the surrender value of the policy is "the full reserve on the policy less a sum not in excess of one and one-half per cent of the amount insured;" and the express stipulation is that "values for years subsequent to the twentieth will be equal or equivalent to the full reserve upon the basis stated herein." It would seem, therefore, that the values set forth in the table of guaranteed loan and surrender values are mere guaranties that for each of those years the loan and surrender values will not be less than the stipulated amounts. The policy is certainly susceptible of this construction, and under well-recognized rules it must be so construed. .

The policy was for one thousand dollars, and the court ·deducted therefrom the amount of the indebtedness due the company by the insured. The appellee has filed a cross-appeal by which she seeks a reversal of the judgment, and a judgment here for the face of the policy. The judgment is in accord with the express provision of the policy, and is therefore correct. Whether the extended insurance should have been calculated on the face of the policy or on the amount thereof, less the indebtedness due thereon, is here of no consequence and will not be determined; for, should it be calculated on the reduced amount, the result would simply be to extend the insurance for a longer time.

Affirmed.