MUTUAL LIFE INS. CO. *v.* NELSON.

(Division A. Nov. 28, 1938.)

[184 So. 636. No. 33419.]

(Division A.  March 6, 1939.)

[186 So. 837.  No. 33419.]

**Wells, Wells & Lipscomb,** of Jackson, and **Louis W. Dawson,** of New York City, for appellant.

636

**O. B. Triplett, Jr.,** of Forest, for appellee.

Argued orally by **Major Calvin Wells**, for appellant, and by **O. B. Triplett, Jr.**, for appellee.

**Smith, C. J.**, delivered the opinion of the Court.

The appellee recovered a judgment in the court below on a life insurance policy issued by the appellant on the life of her son, Walter A. Nelson, for her benefit. The insured failed to pay the eighth annual premium due on the policy on September 16, 1930, and died on December 8, 1934. Under the provisions of the policy, it continued in force for a limited time after September 16, 1930, which time the appellee claims had not expired when the insured died. The case was tried without a jury.

The time for which the policy continued in force depends on the cash value of the policy on September 16, 1930. The policy is for $1000 and contains the following:

"Options on Surrender or Lapse.—After three full years' premiums shall have been duly paid, and provided there is no premium more than three months in default, the owner may elect one of the following options:

"(a) to surrender this Policy for its cash value less any indebtedness to the Company hereon (this balance is hereinafter referred to as the net cash value); or,

"(b) to have the insurance continued in force from the date of such default as paid-up non-participating term insurance without Disability or Double Indemnity Benefits, for an amount equal to the face amount of this Policy and any outstanding dividend additions less any indebtedness to the Company hereon; or,

"(c) to surrender this Policy for paid-up non-participating life insurance without Disability or Double In-

demnity Benefits, payable at the same time and on the same conditions as this Policy.

"The cash value under option (a) will be the reserve for the face amount of this Policy and for any dividend additions hereto together with any dividend deposits to the credit hereof, less a surrender charge which, in no case, shall be more than one and one-half per centum of the face amount of this Policy: after premiums have been paid for ten full years or more, there shall be no surrender charge.

"The term for which the insurance will be continued under option (b), or the amount of the paid-up life insurance obtainable under option (c), will be such as the net cash value obtainable under option (a) will purchase at the attained age of the Insured at date of default when applied as a net single premium.

"In the event of default in payment of premium, if this Policy shall not, within three months after such default, have been surrendered to the Company at its Home Office for its cash value as provided in option (a), or for paid-up insurance as provided in option (c), the insurance will be automatically continued as provided in option (b)."

An examination of an agreed statement of facts presented to the court below, appearing on pages 10 to 12 inclusive of the record, which the reporter will set out in full, will disclose that the specific question for decision is: Does the policy permit the appellant in determining the cash value of the policy, to deduct from what would otherwise be such value, the surrender charge referred to in the second paragraph of clause (c) of the options on surrender or lapse provision of the policy?

The appellee says that this cannot be done for two reasons: (1) The policy does not so permit; and (2) if it does it violates section 5171, Code of 1930, which provides that: "No life insurance company doing business in Mississippi shall make any distinction or discrimina-

tion in favor of individuals of the same class and equal expectation of life in the amount of payments of premiums or rates charged for policies of life or endowment insurance, or in the dividends or other benefits payable thereon, or in any of the terms and conditions of the contract it makes, nor shall any such company or any agent thereof make any contract of insurance or agreement as to such contracts other than are plainly expressed in the application and policy issued thereon . . .''

Does the policy permit this deduction? The appellee's contention is that the right to deduct this surrender charge applies only to options (a) and (c) of the Options on Surrender or Lapse provision of the policy and not to option (b) thereof. In other words, only to the two options which require the surrender of the policy to the company, and that option (b) requires no such surrender. It will be observed that these clauses of the policy do not refer to the value of the policy as ''the cash surrender value'' but always as ''the cash value'' thereof, which it defines in option (a) ''as the net cash value.''

One paragraph of the Options on Surrender and Lapse provision of the policy provides that: ''The term for which the insurance will be continued under option (b), or the amount of the paid-up life insurance obtainable under option (c), will be such as the net cash value obtainable under option (a) will purchase at the attained age of the Insured at date of default when applied as a net single premium.'' The method for determining this net cash value appears in that clause of the policy which provides that: ''The cash value under option (a) will be the reserve for the face amount of this Policy and for any dividend additions hereto together with any dividend deposits to the credit hereof, less a surrender charge which, in no case, shall be more than one and one-half per centum of the face amount of this Policy: after premiums have been paid for ten full years or more, there shall be no surrender charge.'' It appears that the cash value of the policy under option (b) is arrived at by adding

together the amount of the reserve on the policy, the dividend additions thereto and dividend deposits to the credit thereof, and deducting therefrom a cash surrender charge not to exceed one and one-half percentum of the face of the policy. The deduction of this surrender charge from what would otherwise be the cash value of the policy is therefore expressly permitted by the policy.

But the appellee says that this Court held to the contrary in New York Life Ins. Co. v. Blaylock, 144 Miss. 541, 110 So. 432; and New York Life. Ins. Co. v. Boling, 177 Miss. 172, 169 So. 882, 111 A. L. R. 967. That depends on whether the provisions of the policies there under consideration were the same, or substantially the same, as the provisions of the one here. The Options on Surrender or Lapse provision of those policies contain the same options as appear in the policy here, but designate the cash value thereof differently. Here, that value is designated as the cash value, defined as net cash value. There, the value was referred to as "the cash surrender value," and the Court held that as the policy did not have to be surrendered under option (b) the surrender charge could not be applied thereunder. With the correctness of those decisions we are not concerned, but only with their effect here.

Was the surrender charge void under section 5171, Code of 1930?

In the Boling case the court held that a surrender charge to be "not more than one and one-half per cent of the face of the Policy" violated this statute for the reason that the amount of the charge was not definitely fixed so that the insurer could vary the charge within the limit fixed and thus discriminate between policyholders. Such is not the case here. The policy does provide for a surrender charge during the first ten years of the life of the policy if "not more than one and one-half per centum of the face amount of this policy," but it does not stop there, but further on it sets forth precisely what the cash value of the policy will be for each year, after

the surrender charge has been deducted, thereby definitely fixing both the amount of the surrender charge and the policy's cash value. The options on Surrender or Lapse provision of the policy is followed by a provision for loans on the policy. The policy then proceeds as follows:

"Table of Surrender and Loan Values.

"The values hereunder (computed in accordance with the above provisions and upon the assumption that premiums have been paid in full for the number of years the 'Policy has been in force') apply to a Policy of which the face amount is $1000. As the face amount of this Policy is $1000, the values, i. e. the cash, loan, and paid-up life insurance will be . . . the amounts stated in the table; the term, i. e. the continued insurance, will be for the period stated irrespective of the face amount of the Policy.

"If there be any dividend additions or dividend deposits to the credit of the Policy, or if premiums have been paid for any part of a year beyond the last preceding anniversary, the values and, in certain cases, the term will be increased; if there be any indebtedness on the Policy, the values and the term will be decreased; the figures contained in the table represent the actual amounts available after deduction of the surrender charge, if any, but assuming neither dividend additions, dividend deposits nor indebtedness.

| After Policy Has Been in Force | Cash Value Loan Value | Paid-up Non-Participating Life Insurance | Paid-up Non-Participating Term (Continued) Insurance for | |
|---|---|---|---|---|
| | | | Years | Days |
| 3 Years | $ 39.38 | $115.63 | 5 | 181 |
| 4 " | 54.30 | 157.11 | 7 | 279 |
| 5 " | 75.01 | 213.81 | 11 | 47 |
| 6 " | 93.86 | 263.52 | 14 | 122 |
| 7 " | 115.89 | 320.39 | 18 | 76" |

*(And so on for each year through and including the 20th.)*

This policy had been in force seven years when the insured died, so that the cash value, definitely fixed by the

policy, was $115.89. This value was increased by the two dividends of $6.51 and $9.07 due thereon to $131.47 from which the insured's loan on the policy, the principal and interest of which amounted to $115.72, should be deducted, leaving a balance to be applied to continuing the policy in force of $15.75, an amount sufficient under the agreed statement of facts to continue the policy in force to but not beyond November 25, 1933. According to the agreed statement of facts, the surrender charge deducted was $7.50, three-fourths of one per cent. of the face of the policy. But, the amount of the charge deducted, provided it did not exceed one and one-half per cent of the face of the policy is of no consequence, for whatever the amount was, the cash value of the policy was definitely fixed in the table of such values.

It is true that the policy in the Boling case contained the following table of values:

| After Policy has been in force | Table of Guaranteed Surrender Values Cash Surrender Value for each $1,000 of the Face Amount | Paid-up Life Insurance for each $1,000 of the Face Amount | Temporary Insurance from date of default Years | Days |
|---|---|---|---|---|
| 3 | $ 55 | $ 98 | 3 | 300 |
| 4 | 78 | 137 | 5 | 27 |
| 5 | 104 | 178 | 6 | 97 |
| 6 | 128 | 215 | 7 | 48 |
| 7 | 154 | 254 | 7 | 352 |

*(And so on for each year through and including the 25th.)*

It will be observed that this is not a table of fixed values as in the case at bar, but of guaranteed values, which simply means that these values should in no event be less than as stated. This was not binding on the insured or the policy's beneficiary, both of whom had the right to reject the guaranteed cash value of the policy. Lamar Life Ins. Co. v. Minor, 170 Miss. 223, 154 So. 542, and recover on its actual cash value in arriving at which the insurer could, at its option, deduct a surrender charge of any amount, not to exceed one and one-half per cent. of the face of the policy.

The provisions, save one, of the policy in the Boling case do not appear in the report thereof, but do appear in the record on which the case was submitted to this court.

Reversed and judgment here for the appellant.

**Griffith, J.**, delivered the opinion of the court on suggestion of error.

Appellee contends that in the opinion and decision herein, we have, in effect, overruled both the Blaylock and the Boling cases. But this case and those cases are substantially distinguishable.

As pointed out in the original opinion, the cash value for each year beginning with the third year was specifically fixed in the present policy itself, and these cash values were thereby and therein expressly stipulated between the parties to be "the actual amounts available after deduction of the surrender charge, etc." Moreover, the agreed statement of the facts recites that the actual cash value of $115.89 for the seventh year, as fixed definitely and finally in the policy had been arrived at, when the policy was written, by taking the reserve for the face amount of the policy at the end of the seventh year, which, at 3% interest and computed according to the American Experience Table of Mortality, would be $123.39, and deducting from this a cash surrender value of $7.50, thereby leaving the said $115.89.

In the Blaylock case, 144 Miss. 541, 110 So. 432, the terms of the policy were not such as to indicate, without resort to construction, that the cash values in the tables therein were fixed as to such values after a deduction of the surrender charge. On the contrary, the policy appeared to provide for a later deduction in the event of a surrender, and the court held that there was no such a surrender as would bring the provisions for the later or subsequent surrender charge into effect. In the Boling

case, 177 Miss. 172, the table of values was of guaranteed values, that is to say, a table bounded only on the minimum, but not on the maximum, side, and was not one of fixed, actual values, bounded on both sides, and which latter, as the elements involved therein, are to be neither more nor less, and whether as regards the insurer or the insured. It was the definite values of the latter class,—already precisely calculated and written into the policy as thus calculated, and not capable in any event of being affected in one way or another by any subsequently asserted, variable surrender charge,—to which the parties expressly agreed in the case now before us, and to which all of the parties remained at all times bound.

Suggestion of error overruled.