### INDIANA LUMBERMEN'S MUT. INS. CO. v. FAIR et al.
### No. 9201.

Circuit Court of Appeals, Fifth Circuit.
Jan. 30, 1940.

Wm. H. Watkins, of Jackson, Miss., and Edward C. Brewer, of Clarksdale, Miss., for appellant.

E. M. Livingston, of Louisville, Miss., for appellees.

Before FOSTER, HOLMES, and McCORD, Circuit Judges.

McCORD, Circuit Judge.

D. L. Fair, Claud Fair, and F. L. Fair are partners doing business under the firm name of D. L. Fair Lumber Company. On August 7, 1938, Lumbermen's Underwriting Alliance of Kansas City, Missouri, issued its non-provisional lumber blanket fire insurance policy for $50,000 against loss and damage by fire on lumber and manufactured products of the D. L. Fair Lumber Company at Louisville, Mississippi. On the same day Indiana Lumbermen's Mutual Insurance Company issued to the lumber company its blanket lumber policy for $86,000 with a provision for maximum liability of $112,500. This policy provided for monthly reports of stock on hand at the lumber yard and Section 2 of the contract

provided further that, "The amount of insurance under this form at any location specified herein shall at any time be the value of such property at such location as shown by the assured's last previous statement (monthly statement) * * * after deducting from the amount thus obtained all non-provisional fire insurance on said property." This policy was to apply concurrently with the $50,000 nonprovisional policy to the end that the lumber company would have full insurance protection at all times on all lumber at the Louisville lumber yard. The premium paid on the $50,000 policy was $822. The premium on the $86,000 provisional reporting form policy was $1,453.40, subject to adjustment according to the amount of insurance in force from time to time.

Both policies contained clauses providing that in the event of loss "this company shall be liable only for such proportion of any direct loss or damage * * * as the amount of this policy bears to the whole amount of fire insurance applying * * *".

August 16, 1938, D. L. Fair Lumber Company suffered a fire loss of $52,939.85. It is agreed that on this day the sound value of the lumber at the lumber yard was $138,263.50. The two insurance companies were notified of the loss immediately. Adjustors representing the two companies made investigations and agreed as to the amount of the loss, but the companies were unable to agree upon an apportionment of liability among themselves. Lumbermen's Underwriting Alliance paid the sum of $19,144.55 as its contribution, and Indiana Lumbermen's Mutual Insurance Company paid $20,749.15 as its share. The balance, $13,046.15, admittedly due by one of the companies, was left unpaid and D. L. Fair Lumber Company thereupon filed its suit for declaratory judgment against both companies.

The court entered judgment against Indiana Lumbermen's Mutual Insurance Company for the balance due, and determined that Lumbermen's Underwriting Alliance had fully discharged its share of the loss. From this judgment Indiana Lumbermen's Mutual Insurance Company has appealed.

The appellants rely upon the following provision in its policy: "Adjustment Clause: It is understood and agreed that in event of loss or damage at any location mentioned in this policy, the amount of insurance in force at that location shall be prorated to the burned and unburned portions of the property."

On the day of the fire the insurance in effect amounted to $138,263.50, the full value of the property on the location. Of this amount $50,000 was carried by Lumbermen's Underwriting Alliance, and $88,263.50 was carried by Indiana Lumbermen's Mutual Insurance Company.

The district court construed the policies and held that Lumbermen's Underwriting Alliance was required to contribute towards the payment of the loss of $52,939.85 the proportion that its policy for $50,000 bore to the whole insurance; namely; $\frac{\$50,000.00}{\$138,263.50}$ of $52,939.85 which is $19,144.55. The appellant's contribution was figured to be $\frac{\$88,263.50}{\$138,263.50}$ of $52,939.85 which is $33,795.30.

The appellant questions this calculation and, applying its "adjustment" or "burned and unburned" clause, contends that since only $52,939.85 or 38.289% of the property insured was destroyed by fire, its coverage, for contribution purposes, was only 38.289% of the full amount of its coverage of $88,263.50. It thus calculates that its insurance covering the burned portion was $33,795.21 instead of $88,263.50. On this basis it contends that insurance applying to the burned portion was $50,000 to Lumbermen's Underwriting Alliance and $33,795.21 to Indiana Lumbermen's Mutual, a total coverage of $83,795.21 instead of $138,263.50. It further contends that the proper calculation of contribution should be:

Lumbermen's Underwriting Alliance $\frac{\$50,000.00}{\$83,795.21}$ of $52,939.85 which is $31,588.83.

Indiana Lumbermen's Mutual $\frac{\$33,795.21}{\$83,795.21}$ of $52,939.85 which is $21,351.02.

■ We cannot agree with appellant's construction of the policy. It was the intention of all the parties that the property of D. L. Fair Lumber Company would be fully covered, and it is undisputed that on the day of the fire there was $138,263.50 of property on the yard, all protected against loss by fire. It appears that the "burned and unburned" clause was never intended to cover a situation of this kind where all the property insured was located at one place and fully covered by concurrent blanket policies. The policy issued by

the appellant insurance company is a blanket policy and is labeled as such, and to give it the construction insisted upon would destroy the effect of the policy and give to it a meaning never intended by the parties. Cf. Carlton Lumber Co. v. Lumber Insurance Co., 81 Or. 396, 158 P. 807, 159 P. 969; Northwestern Fuel Co. v. Boston Insurance Co., 131 Minn. 19, 154 N.W. 515; Mountain Timber Co. v. Lumber Insurance Co., 99 Wash. 243, 169 P. 591; Thomas Canning Co. v. Canner's Exchange, 219 Mich. 214, 189 N.W. 214.

The "adjustment" or "burned and unburned" clause as applied by appellant contradicts the contribution clause of the policy which provides for contribution of such proportion of the loss as the amount of the policy bears to the whole amount of insurance applying. The "amount of the policy" on the day of the fire was $88,263.50 and the "whole amount" of insurance applying was $138,263.50, and it is on this basis that contribution must be made. Moreover, the "adjustment" clause of the policy is not at all clear in its meaning and any ambiguity or contradiction should be resolved in favor of the insured as against the insurance company which drew the contract. American Life & Accident Ins. Co. v. Nirdlinger, 113 Miss. 74, 73 So. 875, 4 A.L.R. 871; Germania Life Ins. Co. v. Bouldin, 100 Miss. 660, 56 So. 609; New York Life Ins. Co. v. Blaylock, 144 Miss. 541, 110 So. 432.

The district court construed the policy of the appellant according to its terms and the evident intent of the contracting parties. The calculations were correct and will not be disturbed.

The judgment is affirmed.