## 41553.   SORROW v. SOUTHLAND INSURANCE COMPANY.

ARGUED OCTOBER 5, 1965—DECIDED OCTOBER 14, 1965.

Rupert A. Brown, George B. Brooks, for plaintiff in error.

Erwin, Birchmore & Epting, Nicholas P. Chilivis, contra.

NICHOLS, Presiding Judge. The sole question raised by all the defendant's demurrers relates to the one question of whether the policy had lapsed for nonpayment of premiums at the time the plaintiff's husband died. In support of its position the defendant cites and relies on the case of Life Ins. Co. of Va. v. Brooks, 46 Ga. App. 357 (3) (167 SE 785), which dealt with an accident policy which contained a similar "grace period" provision. In that case the real issue was whether the insurer was liable where the insured died after the policy had lapsed as the result of injuries sustained while the policy was in force, and in showing that the policy was in force this court said: "Where the policy provides for the payment of the premiums weekly in advance, on or before every Monday, and a grace period not exceeding four weeks is allowed for the payment of premiums, during which period of four weeks, although the premiums have not been paid, the policy is still in force, the grace period of four weeks, where the last premium was paid on Monday January 26, 1931, did not expire before the Monday on which the fourth premium payable thereafter was due, viz. February 23d. An accident to the insured on February 21st occurred during the life of the policy and while it was in force." The statement made in that case, while technically correct, is not authority that the policy would have lapsed on the Monday on which the fourth premium was due, for the insured was granted a grace period "not exceeding four weeks" and no premium is in arrears until it is past due. The last premium paid in the Brooks case, supra, was paid on January 26, 1931. The next premium was due on February 2, and was one week past due on February 9, two weeks past due on February 16, three weeks past due on February 23, four weeks past due on March 2, 1931, and the period "exceeding four weeks" began March 3, 1931.

In the case sub judice the last premium was allegedly paid on February 4, 1963. The next premium was due on February

11, 1963, and was past due on February 12, was four weeks past due on March 11, 1963, and the period exceeding four weeks began on March 12, 1963. The petition shows that the plaintiff's husband, the insured, died on March 11, 1963, which was before the policy lapsed.

The contention of the defendant insurer that the policy lapsed at noon on March 11, 1963, three hours prior to the death of the insured, under *Code* § 56-910 of the Code of 1933, which was in effect at the time the policy was issued, is without merit, for such provision was not applicable to the policy here under the decision in *Metropolitan Life Ins. Co. v. Thompson*, 20 Ga. App. 706 (93 SE 299). In this case, as in that case, the parties by the terms of the contract set the time the policy was to be in force, and § 56-2429 of the Insurance Code of 1960, which became applicable after the effective date of the policy, has no application to the present case.

Accordingly, the trial court erred in sustaining the defendant's demurrers to the plaintiff's petition on the grounds that the policy had lapsed.

*Judgment reversed. Eberhardt and Pannell, JJ., concur.*