## 41791. IOWA STATE TRAVELERS MUTUAL ASSOCIATION v. CADWELL.

DEEN, Judge. 1. A life insurance company not authorized to transact business in Georgia because of failure to obtain a certificate of authority from the Insurance Commissioner is nevertheless doing business, although illegally, in this State by accepting an application for insurance from a resident of this State, delivering the same to him by mail, and by mailing premium notices to or accepting premiums from him during the life of the policy, so as to render it subject to suit and judgment in this State. *Code Ann.* §§ 56-302, 56-604, 56-605.

2. No insurance premium is in arrears until it is past due. *Sorrow v. Southland Ins. Co.*, 112 Ga. App. 446 (145 SE2d 608). The notice sent the insured in the present case was styled "Quarterly Premium Assessment Notice Class A $3.00" and mailed some time around the first of December, the exact date not being shown. It also stated: "Last day for payment of Assessment no. 297, Dec. 31, 1964, To Cover Next Quarter." The insured had on July 27, 1964, been issued a Certificate of Membership by the defendant Iowa State Travelers

Mutual Association stating that the articles of incorporation, bylaws, and application for membership constituted the contract between the parties. The only reference to premiums is contained in Article IV of the bylaws which states that the board of directors may order an assessment at any time when necessary to carry out the object of the association. There appears in the record an affidavit of John A. Collins, vice-president of the defendant, stating that a board meeting was held on November 13 as to which the minutes regarding its action state: "upon motion, Assessment no. 297 in the amount of $3.00 on each 'A' membership, and $2.00 on each 'B' membership, was called for December 1, 1964, due on or before December 31, 1964." Since the premium was due on December 31, and since the contract of insurance makes no provision for a grace period, it follows that without regard to the question of grace period the policy was not in arrears until after December 31, 1964.

3. The insured died on January 20, 1965, as the result of an automobile accident. The premium had not been paid, and during the month of February it was tendered and refused. *Code Ann.* § 56-3004 (3) provides that as to each premium after the first, there shall be a 30-day grace period on policies the premiums of which are not payable weekly or monthly, which provision is as much a part of the policy of insurance as though written therein. *Code Ann.* § 56-3014 (2). Where the liability attaches under the contract of insurance during the grace period, the fact that the premium is not paid or tendered until after the grace period expires is no defense to an action on the policy for a loss sustained while it was in full force. *Aetna Life Ins. Co. v. Palmer*, 159 Ga. 371, 374 (125 SE 829); *Life Ins. Co. of Va. v. Brooks*, 46 Ga. App. 357 (1) (167 SE 785). It follows that the defendant's contention that the policy had lapsed prior to the insured's death was supported by no evidence whatever.

4. The defendant contends, however, that the action of the trial court in finding the refusal to pay this claim was in bad faith so as to authorize imposition of a 25% penalty under *Code Ann.* § 56-1206 is in any event error. According to letters introduced in evidence for that purpose it appears that the refusal to pay was based on the proposition that the policy was an Iowa contract, the insurer was an Iowa corporation, there had been a compliance with the laws of the State of Iowa, and the

130

Georgia statutes cited to the defendant by plaintiff's counsel were "not deemed to be applicable to the Iowa contract." No attempt was made on the trial of the case to introduce any Iowa statutes in evidence or otherwise develop the proposition that the law of this State did not obtain. The insurance contract is constructively made at the place where the contract is delivered; the lex fori governs process, remedy and "the whole of that residuum which can not be referred to other laws." *Pink v. A.A.A. Hwy. Express*, 191 Ga. 502, 513 (13 SE2d 337, 137 ALR 934), aff. U.S. 201 (62 SC 241, 86 LE 152, 137 ALR 957). Thus, both the making and the enforcement of this contract are governed by Georgia law. Recognizing that the test, whatever the ground of the refusal to pay, is that if a reasonable ground appears at the trial for contesting the claim, the defendant is not liable for the penalty (*Interstate Life &c. Ins. Co. v. Williamson*, 110 Ga. App. 557 (139 SE2d 429)), no such reason appeared upon the trial. The imposition of the 25% penalty was authorized by the evidence.

*Judgment affirmed. Nichols, P. J., and Hall, J., concur.*

Argued February 8, 1966—Decided February 16, 1966.

*Gambrell, Harlan, Russell & Moye, Edward W. Killorin, Sidney F. Wheeler,* for appellant.
*Paul C. Myers,* for appellee.