JOHNSON, Judge.
This is an appeal from a final decree of the circuit court of Okaloosa County.
The facts, briefly stated, are: The ap-pellee was the mortgagor to Charter Mortgage Co. In order to protect himself and family from loss by reason of default in the monthly payments on the mortgage in the event the mortgagor became wholly disabled by reason of sickness or accident and thereby unable to make the payments, the mortgagor procured a contract of insurance from the appellant insuring the mortgagor and indemnifying him from loss resulting from such injury and specifically providing for the insuror to pay the mortgagor $77.78 per month up to five years or sixty months, or until 'the mortgagor was able to return to gainful employment. Certain definitions and provisions of the mortgage and insurance policy involved here, become important in determining the merits of this case. First, the mortgage provides that the “mortgagee” shall include any payee of the indebtedness hereby secured or any transferee thereof. Second, the insurance policy provides that the renewal premium may be included with the regular monthly installment on the mortgage loan identified in the schedule, and if so included, payment of said installment to the mortgagee, or Loan Servicer, shall be considered as payment of the renewal monthly premium for the policy. The schedule referred to contains the name of Charter Mortgage Company as mortgagee and identifies the loan by number 00911 with monthly installments of $77.78 and gives the name of the insured as James C. Cook.
The mortgagor, who will hereafter be called the appellee, made his monthly payments to Charter Mortgage Company up through the payment of the March 1963 installment. About March 16, 1963, Charter Mortgage Company advised the appellee that his mortgage had been sold and assigned to North American Mortgage Corporation, St. Petersburg, Florida, and that all future payments were to be made to said -latter company. Thereafter, appellee made his payments, in the same amount, to North American Mortgage Corporation up to and including the payment for June 1963. On May 31, 1963, it appears from a letter dated as of that date, that North American Mortgage Corp. advised the appellee that mortgage life insurance was not a part of his mortgage and that payment therefor should be made directly to the company holding the policy. Added to said letter, somewhat in the nature of a postscript, was a statement to the effect that any money remitted to said office for this insurance was put into the escrow account of the appellee. It follows that such letter could not have reached the appellee until at least June 1, 1963, after the June payment had been made.
Appellee, about June 8, 1963, inquired of appellant as to making future payments on the insurance policy, in response to which, the appellant advised appellee “ * * we regret to inform you that we are unable to offer you mortgage insurance protection.” No mention is made as to cancellation of the existing policy.
The policy provides for a 31 day grace period for the payment of premiums, during which period the policy shall remain in force and effect, unless, not less than 5 days prior to the premium due date the insuror has delivered to the insured or has mailed to his last address written notice of its intention not to renew the policy.
The appellee was injured July 11, 1963, and became wholly and continuously disabled and prevented from performing the duties pertaining to his employment. In other words, his injury qualified him for the indemnification benefits of the policy in question. This point is not disputed.
Before the end of July, 1963, the appellee mailed the July and August payments to North American Mortgage Corp. and included the premium payments due appellant company.
The appellant refused to recognize the claim of the appellee and appellee brought suit, which culminated in a final decree in *753 favor of the appellee and directing the appellant to make the monthly mortgage payments which had accrued, to the appellee, and to continue to make the monthly payments of $75.05 for 38 consecutive months or until the appellee became able to engage in an occupation or employment for wages or profit. Court costs and attorney fees were awarded also. This is the order appealed.
The appellant contends that Oka-loosa County was an improper venue, but the lower court decided, and we think correctly so, that the appellee-plaintiff, was a resident of Okaloosa County, that the cause of action accrued there and that the payments were to be made to,the appellee in Okaloosa County and that by reason thereof, the venue was properly laid in Okaloosa County. We agree with the trial court in this determination.
Appellant then contends that the policy had expired at the time of the accident and therefore no liability attached.
 In the early part of this opinion, we pointed out certain definitions and provisions of the mortgage and policy which we think are the crux of this case. The “mortgagee”, as used in the mortgage, means the original mortgagee or any transferee thereof, therefore, after North American Mortgage Corp. became the transferee or holder of the mortgage, it became, for the purpose of interpreting the insurance policy, the mortgagee. The policy provides that the monthly premium may be made at the same time as the mortgage monthly payment and made to the “mortgagee” and when so made would be considered as payment of the renewal monthly premium for the policy. It is admitted or at least not disputed, that the appellee made the monthly mortgage payments, including the requisite and usual amount of the insurance monthly premium to North American Corp. up through the monthly payment for June 1963. Pursuant to the terms of the policy, this constituted a payment to the insuror, therefore, a grace period of 31 days from the end of June 1963, was in effect, unless the insuror notified the insured at least 5 days prior to the time for the July payment to be made, that it would not renew said policy. We do not find that the insurer gave any written notice to the insured that said policy would not be renewed. The insuror did advise the appellee on June 12, 1963, that it regretted to inform the insured that the company could not offer him mortgage insurance protection. No mention is made about cancelling or not renewing the existing policy, which was paid for through June 1963, and carried with it the 31 days of grace period, unless we construe the letter of June 12, 1963, to constitute notice of non-renewal of the policy. The chancellor did not so recognize said letter, and neither does this court. Had the insurance company intended to notify the insured that it was not going to renew the existing policy, it should have said so in unmistakeable language, identifying the policy in question. This was not done. The fact that no payments had been made to the appellant insurance company since March 1963, did not alter the fact that pursuant to the terms of the policy, when the payments were made to the holder of the mortgage, they became payments to the insurance company. Therefore, the 31 day grace period had not expired at the time of the injury and the insurance company cannot now escape its. liability by charging the appellee with a default that did not exist. The mortgage transferee or holder was still the agent of the insurance company for the purpose of receiving payments of premiums insofar as-the appellee was aware, until after the June payment, which established the 31 day grace period.
The factual situation not being in dispute and the terms of the mortgage and insurance policy being clear and unambiguous to us, we find no error on the part of the chancellor. Therefore, the order appealed is affirmed.
STURGIS, Acting C. J., and CARROLL,. DONALD K., J., concur.