ROBERTSON, Presiding Justice,
for the Court:
Gulf Guaranty Life Insurance Company appeals from a judgment entered against it by the Circuit Court of the First Judicial District of Hinds County (sitting without a jury) in favor of Lula Thompson, the widow of W. J. Thompson, on a certificate of credit life insurance for $20,000.
W. J. Thompson and his wife, Lula G. Thompson, renewed their $40,000 note to the First Mississippi National Bank on October 24, 1975. The note became due 52 days after its date, that is, December 15, 1975. On October 24, 1975, a certificate of credit life insurance for $20,000 on the life of W. J. Thompson was issued on a Gulf Guaranty form by an officer of First Mississippi, who was also the agent of Gulf Guaranty.
W. J. Thompson, 47 years of age, in the hospital for a toe infection, suddenly died on December 23,1975. When Gulf Guaranty refused to pay, First Mississippi, as the beneficiary in the certificate of insurance, brought suit against Gulf Guaranty. Later, Lula Thompson, widow of W. J. Thompson, brought suit against both Gulf Guaranty and First Mississippi.
The two suits were consolidated for trial, and after trial was begun First Mississippi took a non-suit against Gulf Guaranty. After a full trial, the lower court rendered judgment against Gulf Guaranty for $20,-000, plus interest, and dismissed Thompson’s suit against First Mississippi.
After Gulf Guaranty perfected its direct appeal, Lula Thompson filed a cross-appeal, requesting judgment against First Mississippi in the event this Court should find Gulf Guaranty not liable.
The single assignment of error of Gulf Guaranty is:
THE TRIAL COURT ERRED IN HOLDING THAT A CERTIFICATE OF CREDIT LIFE INSURANCE ON GULF GUARANTY LIFE INSURANCE COMPANY WAS IN FULL FORCE AND EFFECT ON THE LIFE OF W. J. THOMPSON ON DECEMBER 23, 1975.
Gulf Guaranty argues that the $20,000 certificate of credit life insurance issued on the life of W. J. Thompson on October 24, 1975, in favor of the creditor, First Mississippi, was level term insurance for exactly 52 days, no more and no less, and that upon the expiration of 52 days on December 15, 1975, the certificate of insurance lapsed. Gulf Guaranty contends that the grace period contained in the master policy issued by Gulf Guaranty to First Mississippi covers only insurance on an installment or “monthly reducing” loan, and not insurance on a “straight” or one-payment loan.
The master policy provides:
GRACE PERIOD
“13. In event of default in any payment of the principal of the loan or any part thereof when due on a monthly reducing loan, the company shall be considered on the risk to the same extent as if such defaulted payment were not then past due, provided no part of the unpaid balance of principal is more than sixty (60) days past due, but the company reserves the right to deduct from the proceeds of a death claim an additional pro-rata premium for such coverage. If more than sixty (60) days past due, the company’s liability shall be limited to what it would be if each payment due on the loan had been paid on or before its due date.”
Gulf Guaranty’s argument that this provision applies only to insurance on an in *299 stallment loan, the premium for which is exactly V2 of the premium for insurance on a straight, or one-payment loan, flies in the teeth of the general rule.
14 Appleman, Insurance Law and Practice, (1944), § 7961, at page 203, says:
“The general rule seems to be, therefore, that if the insured dies during the grace period, his death is covered.”
45 C.J.S. Insurance § 625, at page 486, expresses it in this way:
“Where an extension of time by way of grace is allowed by the terms of a life insurance policy, by a custom of the insurance company, or by statute there can be no forfeiture for nonpayment until the period of grace has expired. The grace clause is not for the purpose of changing the period when the premium ought to be paid, but to provide a period within which default in payment may be corrected and retrieved without complete loss of the policy.”
See also, Bensinger v. California Life Insurance Co., 459 S.W.2d 511 (Mo.App. 1970); Iowa State Travelers Mutual Association v. Cadwell, 113 Ga.App. 128, 147 S.E.2d 461 (1966); American Heritage Life Insurance Co. v. Cook, 183 So.2d 751 (Fla.Dist.Ct.App. 1966); Blue Cross-Blue Shield of Alabama v. Colquitt, 42 Ala.App. 471, 168 So.2d 251 (1964), cert. denied, 277 Ala. 696, 168 So.2d 256 (1964).
The language of the “grace period” provision in the case at bar, to say the least, is capable of two reasonable interpretations. The one, most favorable to the insured, is that the language before the “or”, “In event of default in any payment of the principal of the loan”, makes the grace period applicable to any loan, and the language after the “or”, “any part thereof when due on a monthly reducing loan”, makes the grace period apply to a “monthly reducing loan” if any part whatsoever was in default.
This Court has said over and over again that doubtful or ambiguous language should be construed more strongly in favor of coverage. In Griffin v. Maryland Casualty Co., 213 Miss., 624, 57 So.2d 486 (1952), we said:
“Where it is susceptible of two reasonable interpretations, that one will be adopted which sustains the claim for indemnity. New York Life Insurance Company v. Blaylock, 144 Miss. 541, 110 So. 432.
“If ambiguous, it should be construed most strongly in favor of the insured. United States Fidelity and Guaranty Company v. Citizens State Bank of Moorhead, 150 Miss. 386, 116 So. 605; New York Life Insurance Company v. Nessossis, 189 Miss. 414, 196 So. 766.
“If the language is doubtful or ambiguous, a reasonable construction in favor of the insured follows. Great American Insurance Company v. Bass, 208 Miss. 436, 44 So.2d 532.” 213 Miss. at 632, 57 So.2d at 489.
We also affirmed this rule in Travelers Insurance Company v. General Refrigeration & Appliance Company, 218 So.2d 724 (Miss. 1969), and Aetna Life Insurance Company v. Evins, 199 So.2d 238 (Miss. 1967).
Since the .certificate of insurance issued on October 24, 1975, was still in effect, under the Grace Period provision of the master policy, on December 23, 1975, when W. J. Thompson passed away, the judgment against Gulf Guaranty Life Insurance Company is affirmed.
AFFIRMED ON DIRECT AND CROSS APPEALS.
PATTERSON, C. J., SMITH, P. J., and WALKER, BROOM, LEE, BOWLING and COFER, JJ., concur.
SUGG, J., took no part.